108

In the Matter of the Claim of HELEN T. GUILFOYLE, as Administratrix of the Estate of ARTHUR V. GUILFOYLE, Deceased, Appellant-Respondent; Dow JONES & COMPANY, INC., Respondent-Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent-Appellant.

Third Department, February 25, 1971.

*Sidney Sugerman* for appellant-respondent.

*Buell, Clifton & Turner* for Dow Jones & Company, Inc., respondent-appellant.

*Louis J. Lefkowitz, Attorney-General (Irving Jorrisch, Samuel A. Hirshowitz* and *Samuel Stern* of counsel), for Industrial Commissioner, respondent-appellant.

COOKE, J. These are cross appeals from a decision of the Unemployment Insurance Appeal Board, filed June 21, 1965, which determined that claimant, since deceased, was entitled, pursuant to section 600 of the Labor Law, to a benefit rate reduced by one half of the prorated weekly amount received as a pension or retirement payment under a plan to which the employer was not the sole contributor.

Arthur V. Guilfoyle, employed as a mailer for 13 years by Dow Jones, was dismissed from employment on June 27, 1963, at age 64, because the employer shut down its plant in New York City in which he was working. The only proof, germane to the particular issue, was that Guilfoyle in June, 1963 was not ready to retire and could not afford to do so, being determined not to consider retirement at least until he was eligible for maximum social security at age 65. The employer had no minimum or maximum retirement age. After leaving Dow Jones, he worked sporadically for a few printing concerns and, after having become 65 in November, 1964, withdrew entirely from the labor market.

Dow Jones, as parent corporation, and its subsidiaries in 1949 entered into a trust agreement entitled '' Dow Jones Profit Sharing Retirement Plan '', under which the employers contributed a portion of their respective profits to a trust which allocated the funds to the credit of eligible employees, i.e., those with five or more continuous years of service. The plan was funded entirely by the employers and it was conceded that the parent corporation contributed over 50%, but less than the whole, of the trust. Each eligible employee or member acquired a vested interest in his share in the fund and provision was made for payment or application of his share for his benefit upon termination of membership. Significantly, the trust agreement declared that membership terminates on '' death, resignation, discharge, retirement or the termination of his status as an Eligible Employee.''

At termination date, Guilfoyle's account under the plan amounted to $9,340.68 and he applied for and received benefits of $450 in quarter-annual payments. In a June, 1963 letter applying for said payments, he wrote of termination of employment and not of retirement; in October of that year he testified that he was not eligible to retire and explained his election of quarter-annual payments, rather than a lump sum, as a curb on his horse playing propensities.

Section 600 of the Labor Law provides in part: '' *If a claimant retires or is retired from employment by an employer* and, due to such retirement, is receiving a pension or retirement payment under a plan financed in whole or in part by such employer, such claimant's benefit rate   *   *   *   shall be reduced as hereinafter provided '' (emphasis supplied). A following subdivision sets forth formulas for reduction of a claimant's benefit rate in the event the employer is the sole contributor to the plan or, not being the sole contributor, contributes at least half. Though there is a dearth of material regarding the legislative intent

behind this section, some inkling can be gathered from a memorandum of the Associated Industries of New York State, Inc., the organization requesting its introduction, which stated that the purpose of the bill was to handle the situation of the " pensioner claimant ' windfall ' "—i.e., the weekly unemployment insurance payment to a claimant who had retired on pension from a private employer (N. Y. State Legis. Annual, 1963, p. 370).

The principal issue here is whether Guilfoyle retired at the time of the termination of his employment with Dow Jones. Essentially, the board equated *any* termination in employment with the term of retirement, but this was not the intent of the section which does not state that an individual cannot receive full unemployment insurance benefits when receiving any other payments. On the contrary, section 600 is directed at an individual who (1) has retired, (2) is receiving retirement benefits and (3) applies for unemployment insurance. There is no justifiable basis for the board's construction that the section applies to a separated employee, regardless of the cause of separating.

There is no evidence to show that claimant retired in June, 1963 nor was there any evidence contradicting claimant's assertion that he did not retire until November, 1964. The plan provided for payments to eligible employees at the time of " termination " of employment and, expressly, " retirement " was not the sole predicate of payment. The personnel manager of Dow Jones testified that Guilfoyle was " separated " from employment when the printing operation was suspended in New York City. There is unrefuted testimony that, at said time, he was " dismissed ", showing that there was a " discharge ", one of the occasions of " termination " under article VII of the trust agreement, rather than a " retirement ", yet another occasion.

In view of the board's unwarranted statutory construction (cf. *Matter of Gutterson* [*Catherwood*], 31 A D 2d 675) and the absence of substantial evidence supporting the findings that claimant had retired (cf. *Matter of Steiner* [*Catherwood*], 31 A D 2d 669, affd. 25 N Y 2d 819), the board's determination cannot be sustained.

The decision should be reversed, and matter remitted for further proceedings not inconsistent herewith, with costs.

HERLIHY, P. J., REYNOLDS, STALEY, JR., and SWEENEY, JJ., concur.

Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs.