### FERGUSON et al. v. NEILSON.

*(Supreme Court, General Term, First Department.  October 24, 1890.)*

PERSONAL INJURIES IN ANOTHER STATE—JURISDICTION.

    The courts of New York will not entertain actions between parties residing in another state, for personal injuries received in that state, unless special reasons are shown for so doing.

Motion for new trial on exceptions.

Action by Martha A. Ferguson and George A. Ferguson against Mary Isabella Neilson. Plaintiff's exceptions were ordered to be heard in the first instance at the general term.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Platt & Bowers,* (*John M. Bowers,* of counsel,) for the motion. *Lockwood & Hill,* (*John L. Hill,* of counsel,) opposed.

VAN BRUNT, P. J. All the parties to this action were and are residents of the state of Rhode Island, and the action is brought for personal injuries sustained by the plaintiff through the alleged negligence of the defendant at Newport, R. I. Under these circumstances, the court was asked to refuse to entertain jurisdiction of the action. The court denied this request, and, although holding that the parties were residents of Rhode Island, submitted the other questions of fact to the jury, reserving the question arising from the fact that both parties were residents of Rhode Island to be disposed of by the general term, if there should be a verdict for the plaintiff. It seems to be clear that the court erred in denying the request of the defendant to refuse to proceed with the action. It is the well-settled rule of this state that, unless special reasons are shown to exist which make it necessary or proper to do so, the courts will not retain jurisdiction of and determine actions between parties residing in another state for personal injuries received in that state. *Burdick* v. *Freeman,* 46 Hun, 138, and cases there cited. The reason of the rule is obvious,—because the courts of this state should not be vexed with litigations between non-residents over causes of action arising outside of our own territorial limits. Our courts are not supported by the people for any such purpose. As was said in the case of *Robinson* v. *Navigation Co.,* 112 N. Y. 315, 19 N. E. Rep. 625, every rule of comity and natural justice and convenience is satisfied by giving redress in our courts to non-resident litigants when the cause of action arose or the subject-matter of the litigation is situated within this state. That the rule above stated is the one which has obtained in this state seems to be conceded by the counsel for the plaintiffs, for he says that, although the court might not have been bound to proceed to the determination of the issues, it may do so in its discretion, and, this discretion having been exercised in plaintiff's favor, it ought not to be overruled on review. Upon the contrary, the record shows that no discretion whatever was exercised by the court below, but the question as to whether this motion should have been granted was expressly reserved for the general term. But, even if the court below had exercised its jurisdiction, this court, upon appeal, had the right to review it; and if the exercise of the discretion was against the settled policy of the state, it would be its duty to reverse the judgment for that cause. It already appears that it is against the settled policy of the state to permit our courts to be used by non-residents for the redress of personal injuries received in the state of their domicile, unless special reasons are shown therefor. None were attempted to be shown in the

case at bar. The exceptions should therefore be sustained, and the motion for new trial granted, with costs to the defendant to abide the event. All concur.