■     PAUL M. HELLER, Respondent, v. NATIONAL GENERAL CORPORATION et al., Appellants.— An order of this court was made and entered on March 23, 1972, denying defendants-appellants' motion for leave to appeal to the Court of

Appeals from the order of this court entered on February 3, 1972, and granting reargument and directing the parties to serve and file supplemental points. On reconsideration our prior order entered February 3, 1972 (38 A D 2d 893), unanimously affirming an order of Supreme Court, New York County, entered September 15, 1971, is recalled and vacated, and said order of Supreme Court, New York County, denying defendant's motion to dismiss the action on the ground of *forum non conveniens*, is unanimously reversed, on the law and in the exercise of discretion, without costs and without disbursements, the motion granted and the complaint dismissed. Plaintiff, a New York resident, is assignee of a Liechtenstein corporation, and sues defendant corporations, the principal base of operations of which is Los Angeles, California, involving the services of a resident of the United Kingdom. Although some discussions recurred in New York, the contract was finalized in California, and signed in London. When *sub judice* before us, we considered ourselves bound by a line of cases such as *Frummer* v. *Hilton Hotels, Int.* (19 N Y 2d 533) and *Wagner* v. *Braunsberg* (5 A D 2d 564). However, we have now been apprised that intervening the time between the pendency before us and publication of our previous disposition, there came into being *Silver* v. *Great Amer. Ins. Co.* (29 N Y 2d 356, Court of Appeals, Jan. 6, 1972), which relaxed the mandatory rule hitherto observed, that if one of the parties to an action is a resident of this State, our courts are required to accept jurisdiction. Said the court in *Silver*, per Fuld, Ch. J. (p. 361): "Further thought persuades us that our current rule — which prohibits the doctrine of *forum non conveniens* from being invoked if one of the parties is a New York resident — should be relaxed. Its application should turn on consideration of justice, fairness and convenience and not solely on the residence of one of the parties. Although such residence is, of course, an important factor to be considered, *forum non conveniens* relief should be granted when it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties. The great advantage of the doctrine — its flexibility based on the facts and circumstances of a particular case — is severely, if not completely, undercut when our courts are prevented from applying it solely because one of the parties is a New York resident or corporation. It has become increasingly apparent that a greater flexibility in applying the doctrine is not only wise but, perhaps, necessary ". Accordingly, under the rule now set forth in *Silver* v. *Great Amer. Ins. Co.* (*supra*) which makes the factor of residence no longer controlling, and recognizing the patently tenuous relationship of New York to the instant matter, which, by agreement of the parties, was to be interpreted by California law, we see no reason why our courts should be burdened with this foreign-oriented litigation. (See our recent decision in *Taurus, Inc.* v. *Boeck Fuel Co.*, 38 A D 2d 702; also, 46 St. John's L. Rev., Developments in New York Practice, pp. 588–612.) Concur — McGivern, J. P., Markewich, Nunez, McNally and Tilzer, JJ.