■ TIMOTHY SLAUGHTER, JR., Appellant, v. VINCENT S. WATERS, as Bishop of Roman Catholic Diocese of Raleigh, Respondent, and ELBERT DAVIS, Defendant.— Order, Supreme Court, Bronx County, entered September 27, 1972, granting a motion to dismiss plaintiff's action on the ground of *forum non conveniens,* reversed, on the law and in the exercise of discretion, and the application denied. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Plaintiff, a New York resident, while operating a vehicle in North Carolina where he was stationed as a member of the Marine Corps, was involved in a collision with a bus owned by defendant-respondent and operated by defendant. As a result of the injuries he sustained in such accident, he was confined to Naval Hospitals in North Carolina and Virginia. He subsequently brought an action here to recover for his personal injuries. Jurisdiction was obtained by attachment of an automobile liability policy, under the authority of *Seider v. Roth* (17 N Y 2d 111). In *Silver v. Great Amer. Ins. Co.* (29 N Y 2d 356), the Court of Appeals relaxed the previously prevailing rule and authorized greater flexibility in application of the doctrine of *forum non conveniens* in this State. Residence (without any distinction made between a resident plaintiff and a resident defendant), though still "an important factor to be considered", is no longer controlling. Instead, "relief should be granted when it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties." (*Silver v. Great Amer. Ins. Co., supra,* p. 361.) While it is true that defendant's witnesses would be inconvenienced by a trial here, plaintiff would be similarly inconvenienced by the denial to him of access to our courts to redress his grievance. On the record before us, and after weighing all of the circumstances involved herein and balancing the conveniences and interests of the parties, we cannot conclude that New York is a clearly inconvenient

forum or that the ends of justice and the convenience of the litigants would be best served by requiring plaintiff to bring his action in North Carolina. Concur — Nunez, Kupferman and Murphy, JJ.; McGivern, J. P., dissents and would affirm in the following memorandum; and Markewich, J., dissents and would affirm. McGivern, J. P.: The stance of the majority makes the teachings of *Silver* v. *Great Amer. Ins. Co.* (29 N Y 2d 356) utterly meaningless. Not a shred of a connection, except residence, links this plaintiff to New York. Every other factor tips the scales in favor of an affirmance of Special Term. (See Civil Practice — Forum Non Conveniens, 39 Brooklyn L. Rev., 218.) The intimation he could not get a fair trial in the State of the accident is disposed of in *Gulf Oil Corp.* v. *Gilbert* (330 U. S. 501). See, also, *Gore* v. *United States Steel Corp.*, (15 N. J. 301) for a specific resolution of this problem. I prefer to believe a member of the U. S. Marine Corps can get a fair trial in any State of the Union.