Per Curiam.
 

 Plaintiffs, residents of Massachusetts, commenced this action in the State of New York to recover damages for personal injuries sustained in a motor accident which occurred in the Bahamas. The accident occurred as a result of the alleged negligence of an employee of defendant Paradise Island, Limited (Paradise), while plaintiffs were vacationing at a resort hotel owned by Paradise. Much of the medical treatment was rendered in the Bahamas and Florida and, aside from the driver of the car, plaintiffs are the only witnesses to the accident. Although Paradise is a foreign corporation, not licensed to do business in this State, it is a majority owned
 
 *897
 
 subsidiary of Resorts International, Inc. (Resorts) which is so licensed. This action was commenced on the theory that Paradise is the alter ego of Resorts and jurisdiction of the action is properly here (see Business Corporation Law, § 1314, subd. b, par. [5]).
 

 Special Term denied a motion to dismiss the action on the grounds of
 
 forum non conveniens
 
 and lack of personal jurisdiction. The Appellate Division reversed on the law and as a matter of discretion and granted the motion to dismiss the action on stated conditions with which defendants have complied. We affirm.
 

 A mere recital of the facts indicates that this cause of action has no substantial nexus with New York and whether or not Paradise is the alter ego of Resorts is not determinative and the issue need not be decided. The application of the doctrine of
 
 forum non conveniens
 
 “ should turn on considerations of justice, fairness and convenience and not solely on the residence of one of the parties. Although such residence is, of course, an important factor to be considered ”
 
 (Silver
 
 v.
 
 Great Amer. Ins. Co.,
 
 29 N Y 2d 356, 361). So tested, it becomes apparent that there is little reason why New York with its already overburdened courts, should add to the load.
 

 When the court finds, as did the Appellate Division, that in the interest of substantial justice the action should be heard in another forum, it may dismiss the action and impose such conditions as it deems just (CPLR 327; see 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 327.01, 327.02). We do not find any error of law or that the Appellate Division abused its discretion as a matter of law.
 

 The order should be affirmed, with costs to respondents.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens concur in
 
 Per Curiam
 
 opinion.
 

 Order affirmed.