Jasen, J.
 

 In this action for damages for breach of contract, for a declaration that certain bills of exchange executed by plaintiff in favor of defendant are void and invalid, and for an order canceling and requiring return of these bills of exchange, Special Term denied defendant’s motion to dismiss on the grounds of lack of jurisdiction and
 
 forum non conveniens.
 
 The Appellate Division, however, by a divided court, reversed and granted the motion, holding that Special Term’s failure to dismiss the action on the ground of
 
 forum non conveniens
 
 was an "improvident exercise of discretion”.
 

 Defendant, a Swiss corporation whose only office is located in Lausanne, Switzerland, is a manufacturer and distributor of irrigation equipment in Europe and Africa. On occasion it has acted as a distributor of such equipment manufactured by plaintiff, a New York corporation. This action focuses on a March, 1971 agreement designed to recapitalize defendant in order to remedy its serious financial difficulties. Although others were parties to that agreement, it is sufficient for our purposes to note that plaintiff agreed to take a minority stock position in defendant, to take over defendant’s stock in two Spanish subsidiaries, and to draw five bills of exchange against itself to defendant’s order. The agreement also dealt with future use of certain manufacturing and sales licenses, purchases from the Spanish companies acquired by plaintiff, and the like.
 

 In March, 1972 defendant presented the first bill of exchange to plaintiff for payment in accordance with its terms; plaintiff, however, refused payment. Two months later defendant served and filed a motion for summary judgment in lieu of complaint on an instrument for the payment of money only, pursuant to CPLR 3213. Plaintiff opposed summary judgment contending that it would have defenses and counterclaims arising out of alleged breaches of the 1971 agreement. Special Term, finding certain triable issues of fact, denied the motion and directed defendant to serve a formal complaint. Defendant, rather than serving a complaint, attempted to serve a
 
 *525
 
 notice of voluntary discontinuance pursuant to CPLR 3217 (sub [a]).
 
 *
 
 Two days later plaintiff commenced this action.
 

 On this appeal, plaintiff challenges the dismissal, contending that the Appellate Division abused its discretion and that defendant is estopped by its prior conduct from asserting under CPLR 327 that the action should be heard in another forum.
 

 This court will not ordinarily interfere with the Appellate Division’s exercise of discretion in granting or denying a motion to dismiss on the ground of
 
 forum non conveniens
 
 unless there has been an abuse of discretion as a matter of law or unless the Appellate Division, in exercising that discretion, has failed to take into account all the various factors entitled to consideration.
 
 (Silver v Great Amer. Ins. Co.,
 
 29 NY2d 356, 361;
 
 Varkonyi v S. A. Empresa De Viacao Airea Rio Grandense [Varig],
 
 22 NY2d 333, 337, mots for rearg den 22 NY2d 972, 973.)
 

 Plaintiff’s position on this appeal is that the Appellate Division abused its discretion as a matter of law by not giving controlling weight to the fact that defendant had earlier attempted to use the New York courts to recover on plaintiff’s bill of exchange. In making that argument, we think that plaintiff would give too much weight to that fact.
 

 Certainly, the fact that defendant chose to use our courts so as to utilize the simplified procedure under CPLR 3213 is one factor which the lower courts should consider in passing on a motion to dismiss on the ground of
 
 forum non conveniens,
 
 especially where, as here, the same claim which forms the basis of this action likely would have been asserted as a counterclaim in the earlier action had defendant served a complaint. However, it is but one of many factors; the court’s overall focus must relate to the question of whether New York is an inconvenient forum and whether another is available "which will best serve the ends of justice and the convenience of the parties.”
 
 (Silver v Great Amer. Ins. Co.,
 
 29 NY2d 356, 361,
 
 supra.)
 
 It is clear from the opinion below that the Appellate Division did consider all the relevant factors: it found that plaintiff deals extensively in Europe with foreign
 
 *526
 
 corporations whereas defendant transacts no business in the United States; that the 1971 agreement was negotiated and executed in Switzerland; that one of the parties to that agreement is not subject to jurisdiction in New York; that the agreement provides that the Swiss courts have jurisdiction to adjudicate any litigation arising thereunder; that performance occurred exclusively in Europe and North Africa; that the trial and any pretrial discovery will principally involve European witnesses and documents located in Switzerland; and that all the relevant events took place in Switzerland and the Iberian Peninsula and bear no relation to New York. Under these circumstances, we conclude that the Appellate Division did not, as a matter of law, abuse its discretion in determining that New York is an inconvenient forum. (See
 
 Fertel v Resorts Int.,
 
 35 NY2d 895;
 
 Sannazzari v Pan Amer. World Airlines,
 
 35 NY2d 690; compare
 
 Martin v Mieth,
 
 35 NY2d 414.)
 

 Accordingly, the order appealed from should be affirmed.
 

 Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur; Chief Judge Breitel taking no part.
 

 Order affirmed, with costs.
 

 *
 

 The Appellate Division agreed with Special Term’s finding that defendant’s attempt to unilaterally discontinue that action was ineffective, and that service upon defendant’s attorneys was effective to confer jurisdiction over defendant in this action. (CPLR 303.) That issue is not before us on this appeal, and we do not pass on it.