BADER & BADER et al., Respondents, v HENRY FORD, II, et al., Appellants, et al., Defendants.

First Department, March 22, 1979

---

### APPEARANCES OF COUNSEL

*Jerome G. Shapiro* and *Arthur L. Liman* of counsel *(Robert J. Sisk, Norman C. Kleinberg, John W. Schwartz, Richard*

*Marmaro, James R. Jackoway, Lewis A. Kaplan* and *Helen Davis Chaitman* with them on the brief; *Hughes Hubbard & Reed, Paul, Weiss, Rifkind, Wharton & Garrison, Wachtell, Lipton, Rosen & Katz* and *Shea Gould Climenko & Casey*, attorneys), for appellants.

*Roy M. Cohn* and *Alan M. Pollack* of counsel (*James J. Crisona, Ellyn Roth Mittman* and *Louis Biancone* with them on the brief; *Orenstein Snitow Sutak & Pollack, P. C.,* and *Saxe, Bacon & Bolan, P. C.,* attorneys), for respondents.

**OPINION OF THE COURT**

FEIN, J.

■ Defendants appeal from an order denying their motion to dismiss the third amended complaint in this stockholders' derivative action brought on behalf of Ford Motor Company. The motion sought dismissal upon the ground of *forum non conveniens* pursuant to CPLR 327, or, in the alternative, for the failure to set forth with requisite particularity plaintiffs' efforts to secure initiation of such action by the board of directors of Ford, as required by subdivision (c) of section 626 of the Business Corporation Law. In the event of denial of the motion to dismiss, defendants sought to disqualify the firm of Saxe, Bacon & Bolan, P. C., and Roy M. Cohn, Esq., as attorneys for the plaintiffs, and also the plaintiffs Bader & Bader as inadequate representatives of the corporation and its stockholders, primarily in reliance upon assertions that they had been reprimanded for unprofessional or unethical conduct in other unrelated actions. Special Term denied the motion in all respects, except so much thereof as sought to compel plaintiffs to give security for costs by an appropriate undertaking furnished pursuant to section 627 of the Business Corporation Law. We are in agreement that Special Term erred in denying defendants' motion to dismiss on the ground of *forum non conveniens.* Accordingly, we have not considered the merits of either the alternate basis for dismissal urged by appellants, i.e., the insufficiency of the pleaded allegations of the complaint as to plaintiffs' efforts to secure initiation of appropriate remedial action by Ford's board of directors, or the additional relief requested disqualifying plaintiffs and their attorneys from further participation in the action. We find these matters to be more appropriately reserved to the courts of the State of Michigan, where the action should have been brought in the first instance.

The complaint contains 10 causes of action premised upon allegations of wrongful conduct, breach of fiduciary duty and waste of corporate assets by the individual defendants, officers and directors of Ford Motor Company. The pleaded allegations on their face establish that there is no substantial nexus with this State, other than the general relation which Ford has with this and other jurisdictions arising out of the very nature of its business. The first and second causes of action charge that Henry Ford II (Ford), chairman of the board, improperly diverted corporate assets to his own benefit by the purchase and furnishing of a duplex co-operative apartment at the Carlyle Hotel in New York City and two apartments in London, England, used exclusively by Ford and his family. The third cause alleges that Ford extended to Canteen Corp. and to defendant De Cicco exclusive food service concessions at the corporation's offices and factories in return for $750,000 in illegal "kickbacks". The complaint further charges excessive compensation payments to Ford in the sum of $992,000 per year, in return for which Ford rendered "little, if any, services" (fourth cause of action); improper authorization by Ford and certain directors of the corporation for the payment of a "bribe" in the sum of $1,000,000 to an official of the Indonesian government, pertaining to a contract between Philco and a foreign agency to build ground stations for Indonesia's domestic satellite communications systems (fifth cause of action); investment of excessive sums in private land development deals in Michigan, with personal benefits received by Ford in return for advance information about such investments (sixth cause of action); receipt of personal benefits by Ford in return for Ford's having caused advertising agencies employed by the corporation to pay fees to Leslie Fargo Agency (seventh cause of action); and acceptance of improper payment of some $2,000,000 from officials of the Philippine government in connection with an "improvident investment" of corporate funds in excess of $50,000,000 (10th cause of action). The ninth cause charges gross waste of corporate assets resulting from corporate approval authorizing payment of $500,000 in legal fees and $250,000 in disbursements to two designated law firms in connection with the defense of this action. The eighth cause alleges violations by defendant Coopers & Lybrand of its fiduciary obligation to the corporation and its shareholders by (1) allowing itself to be "dominated by * * * Ford;" (2) failing or refusing to answer questions posed at a shareholders meeting in Detroit, Michigan on May 11,

1978; and (3) "concealing and destroying financial records of the Company relating to the illegal, wrongful and unlawful payments in Indonesia."

■ Special Term, in denying that branch of the motion for dismissal upon the ground of *forum non conveniens*, appropriately observed that the applicable standard under CPLR 327, which codified *Silver v Great Amer. Ins. Co.* (29 NY2d 356) turns on considerations of justice, fairness and convenience. Dismissal should be granted "when it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties." *(Supra,* p 361.) The burden of proof on the issue is upon the party who challenges the maintenance and continuation of the suit in this State. The party who seeks to invoke *forum non conveniens* to effect dismissal of the action and eventual transfer to another jurisdiction must clearly establish that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties.

■ Special Term, in balancing the competing considerations, took cognizance of plaintiffs' residence within the State, a relevant although no longer a controlling factor (CPLR 327; *Silver v Great Amer. Ins. Co.,* 29 NY2d 356, *supra).* In a stockholders derivative action, however, the real party in interest is the corporation. The plaintiff in such action appears as nominal representative of the corporate defendant. It is appropriate, therefore, to consider plaintiff in relation to the group of stockholders whom he seeks to represent (see *Koster v Lumbermens Mut. Co.,* 330 US 518). Therefore, the fact that plaintiffs reside within the State is not controlling. Other stockholders of a multi-State corporation such as a Ford Motor Company, could lay similar if not equal claim to maintenance of the suit in their home jurisdiction.

Plaintiffs, in an effort to continue the action in this State, point to the fact that personal jurisdiction has been obtained over Ford, Lee Iacocca, president of the company at the time of the material events, and three other directors who reside here. In addition, Coopers & Lybrand, the accountants for the corporation, have their principal offices in New York. The subject of the first cause of action, the apartment at the Carlyle Hotel, is also here. However, these factors are insubstantial when viewed in relation to the overriding interest of the State of Michigan. On balance, the causes of action have a

minimal nexus with New York. Special Term recognized this, but found controlling "the substantial amount of business done by the Company in New York" and the "substantial holdings" of Ford stock by banks, insurance companies and other institutions in this State, of which the court took judicial notice in finding a substantial nexus with New York. Special Term observed in this connection:

"While the plaintiffs' own shareholding represents only an infinitesimal percentage of the Company's outstanding shares, the court will judicially note that the huge banks, insurance companies and other institutions headquartered in New York City, which is the financial capital of the country, have in their vaults and portfolios substantial holdings of the Company's stock. Similarly, it can safely be said that a meaningful number of shares of the Company are held by the individual residents of this state.

"Thus, this forum, in fact, has a 'relation to the whole group of * * * stockholders whom plaintiff volunteers to represent' which is highly significant. This factor, when added to the substantial amount of business done by the Company in New York, as well as the other contacts with this forum previously noted, provides a sufficiently substantial nexus with New York to warrant the maintenance of the action in this forum."

We disagree. The foregoing, although relevant on the issue of jurisdiction, is not controlling in considering whether dismissal should be directed under the doctrine of *forum non conveniens.* Ford Motor Company undoubtedly does business in most if not all States in this country, from which it derives substantial revenue. Nor is it at all relevant that the corporation has sought to invoke the jurisdiction of the courts of this State in other unrelated actions. What is controlling is the relationship to the State of the issues in dispute in determining whether the action should be permitted to be continued here. The fact that banks, insurance companies and other institutions in the State hold shares of stock in the company is without significance. If that were a relevant consideration, as Special Term found, the courts of this State would unnecessarily become a haven for most derivative suits brought against major United States corporations, merely as a result of the presence here of substantial Wall Street portfolios. The retention of jurisdiction under the flexible standard afforded by the *forum non conveniens* doctrine, however, may not be left dependent upon the daily fluctuations in the stock market.

Nor is it at all relevant that the parties have proceeded with the conduct of discovery and/or depositions pending this appeal. It has not been shown that such disclosure will not be available in an appropriate action in Michigan if brought in accordance with the order to be entered on this appeal.

■■ In applying the doctrine of *forum non conveniens,* it is clear that the existence of jurisdiction, however premised, is not dispositive. *Forum non conveniens* presumes the fact of jurisdiction, to be declined where it is " 'found that, on balancing the interests and conveniences of the parties and the court, the action would better be adjudicated in another forum.' " *(Silver v Great Amer. Ins. Co.,* 29 NY2d 356, 360, *supra,* citing *Varkonyi v Varig,* 22 NY2d 333; *Bata v Bata,* 304 NY 51; *Gulf Oil Corp. v Gilbert,* 330 US 501.) As these and other cases hold, the unnecessary burden upon the courts of this State is a factor to be considered. This case, on balance, is clearly a species of "imported litigation" *(Tauris, Inc. v Boeck Fuel Co.,* 38 AD2d 702) with a "patently tenuous" relationship to New York *(Heller v National Gen. Corp.,* 39 AD2d 688, 689). New York has no real or substantial relationship with the issues in dispute.

Ford Motor Company is a Delaware corporation, with its principal headquarters in Michigan. All of the material events pertaining to each of the 10 causes of action alleged in the complaint took place in Michigan, Indonesia and the Philippines. The decisions and actions of the board of directors complained of herein resulted from meetings held at the corporate headquarters in Michigan. Although the apartment which is the subject of the first cause of action is within the State, the alleged misconduct, consisting of the approval by or acquiescence of the board, occurred in Michigan. Moreover, most if not all of the documents and witnesses relevant to the action are located in that State. Most of the individual defendants reside without the State, have not been served with process and are apparently not amenable to appropriate service here. All of the individual directors, however, are alleged to be subject to the jurisdiction of the courts of Michigan by reason of their status as officers and/or directors of the corporation (Mich Comp Laws, § 600.705, subd [6]) under which an officer or director of a corporation with its principal place of business in Michigan is subject to limited long-arm jurisdiction. Moreover, although Coopers & Lybrand, against whom the eighth cause of action is directed, has its principal

office here, the misconduct alleged occurred at its office located in Michigan. Nor does New York law appear to be applicable as to any of the substantive issues.

Although we recognize that "the balance must be very strongly in favor of the defendant, before the plaintiff's choice of forum should be disturbed" *(Olympic Corp. v Societe Generale,* 462 F2d 376, 378), we are in agreement that, on this record, defendants have sustained their burden. The inconvenience to the parties and the court is manifest. The action has but a minimal nexus with New York. Taking into account all relevant facts, there is no justification for New York to be further burdened with what is essentially foreign-based litigation. The minimal contacts with this State are insufficient to warrant continuance of the litigation here. As noted, considering the nature of the action as one brought on behalf of the corporate defendant, the fact that the nominal plaintiffs reside here is entitled to little weight in a derivative action where substantial factors impel transfer to the jurisdiction wherein the material events occurred.

We have not considered the merits of the alternate basis for dismissal urged by defendants as to the insufficiency of the pleaded allegations of the complaint in setting forth the efforts by plaintiffs to secure initiation of appropriate remedial action by the board of directors of the corporation. Nor have we considered the merits of that branch of defendants' application which sought to disqualify the firm of Saxe, Bacon & Bolan, P. C., and Roy M. Cohn, Esq., as attorneys for the plaintiffs, and also the plaintiffs Bader & Bader from further participation in the action. In view of the disposition herein reached, we find these matters to be more appropriately reserved to the courts of the State of Michigan following commencement of an action in accordance with the order to be entered on this appeal. It is not intended that this decision or the order of Special Term be deemed in any way to preclude the courts of that State from consideration of said issues on the merits.

Accordingly, the order, Supreme Court, New York County (FRAIMAN, J.), entered August 8, 1978, should be modified, on the law and in the exercise of discretion, with one bill of costs to defendants-appellants, to the extent of granting defendants' motion to dismiss the third amended complaint on the ground of *forum non conveniens,* on condition that defendants, upon settlement of the order on this appeal, stipulate that they will

accept service of process in and submit to the jurisdiction of the courts of the State of Michigan in any action to be there commenced on the causes of action alleged in the third amended complaint, and that in any such action defendants will not plead and thereby waive any defense of Statute of Limitations or lack of jurisdiction, and the appeal otherwise dismissed as academic, without prejudice to defendants' right to assert in any action to be so commenced in Michigan their contentions with respect to the insufficiency of the pleading to set forth the attempts by plaintiffs to secure initiation of appropriate remedial action by the board of directors of the corporation, and the disqualification of the firm of Saxe, Bacon & Bolan, P. C., and Roy M. Cohn, Esq., as attorneys for the plaintiffs, and also the plaintiffs Bader & Bader from further participation in the action. Settle order.

LUPIANO, J. (dissenting). Defendants-appellants appeal from so much of Special Term's order as denied their motion to dismiss the third amended complaint pursuant to CPLR 3211 (subd [a], par 3), 3211 (subd [a], par 7) and 327 on the grounds that: (1) plaintiffs and their attorneys are not fair and adequate representatives of the Ford Motor Company and its stockholders; (2) New York is not an appropriate forum in which to litigate this action; and (3) the complaint fails to allege with particularity any effort by the plaintiffs to secure the initiation of this action by the Board of Directors of the Ford Motor Company, or sufficient reason for not making such effort. Further, they appeal from the denial of their alternative request for relief that in the event the third amended complaint is not dismissed, an order be made disqualifying plaintiffs' attorneys from participating in this action on the ground they are not ethically competent. I would affirm the denial of relief sought with respect to grounds (1) and (3) and the denial of the alternative relief with respect to disqualification of plaintiffs' attorneys for the reasons so ably set forth by Justice FRAIMAN at Special Term. However, as to the disposition of the *forum non conveniens* issue, I would modify Special Term's determination.

Initially, it is noted that CPLR 327, the statutory source, keys implementation of the doctrine of *forum non conveniens* to "the interest of substantial justice." Also, the Court of Appeals has declared that "[i]ts application should turn on considerations of justice, fairness and convenience" *(Silver v Great Amer. Ins. Co.,* 29 NY2d 356, 361). Clearly, then,

convenience is not the talisman, and due regard must be had for justice and fairness also. Study of the record herein discloses assertions by plaintiffs that secret board of directors' meetings were held in New York and their desire to conduct disclosure on this issue because the knowledge thereof resides exclusively with the defendants-appellants. Defendants-appellants in response do not in an unequivocally clear fashion deny this assertion. Rather, in context, they state that, in effect, no formal meeting of the board of directors was held. They view their assertion of an absence of indicia of a formal meeting of the board in New York as sufficient response. I do not view this as a sufficient response, and the interest of justice and fairness mandate affording disclosure with respect to this matter as it relates to the *forum non conveniens* issue. The nexus of plaintiffs' causes of action with New York is a well-recognized element in the application of the *forum non conveniens* doctrine by New York courts.

A more complete record is not ill-advised before a definitive resolution of the *forum non conveniens* issue is attempted. This would serve not only the interests of justice and fairness, but would preserve the flexibility of the doctrine itself. Accordingly, I do not agree with the majority that we may hold *on this record* that Special Term abused its discretion as a matter of law in denying defendants-appellants' motion to dismiss the third amended complaint on the ground of *forum non conveniens.* Similarly, I do not reach the issue of whether Special Term correctly exercised its discretion. I would deny this branch of defendants-appellants' request for relief without prejudice to renewal after the completion of pretrial disclosure on the issue of the alleged clandestine board of directors' meetings in New York. The order entered August 8, 1978, denying defendants-appellants' motion to dismiss the third amended complaint or to disqualify plaintiffs' counsel should be modified, on the law, to the extent of denying that branch of said motion seeking dismissal on the ground of *forum non conveniens* (CPLR 327) without prejudice to renewal at the conclusion of pretrial disclosure on the issue of alleged board of directors' meetings in New York, and, as so modified, affirmed.

EVANS, J. P., SULLIVAN and LYNCH, JJ., concur with FEIN, J.; LUPIANO, J; dissents in an opinion.

Order, Supreme Court, New York County, entered on Au-

gust 8, 1978, modified, on the law and in the exercise of discretion, with one bill of $75 costs and disbursements of this appeal payable to appellants by respondents, to the extent of granting defendants' motion to dismiss the third amended complant on the ground of *forum non conveniens,* on condition that defendants, upon settlement of the order on this appeal, stipulate that they will accept service of process in and submit to the jurisdiction of the courts of the State of Michigan in any action to be there commenced on the causes of action alleged in the third amended complaint, and that in any such action defendants will not plead and thereby waive any defense of Statute of Limitations or lack of jurisdiction, and the appeal is otherwise dismissed as academic, without prejudice to defendants' right to assert in any action to be so commenced in Michigan their contentions with respect to the insufficiency of the pleading to set forth the attempts by plaintiffs to secure initiation of appropriate remedial action by the board of directors of the corporation, and the disqualification of the firm of Saxe, Bacon & Bolan, P. C., and Roy M. Cohn, Esq., as attorneys for the plaintiffs, and also the plaintiffs Bader & Bader from further participation in the action.