JAMES H. SULLIVAN, as Administrator of the Estate of J. RYAN SULLIVAN, Deceased, Appellant, v J.V. McNICHOLAS TRANSFER CO. et al., Respondents.

Fourth Department, May 25, 1983

APPEARANCES OF COUNSEL

*Paul William Beltz, P. C.* (*Kevin Sullivan* of counsel), for appellant.

*Maghran, McCarthy & Flynn* (*W. Donn McCarthy* of counsel), for respondents.

OPINION OF THE COURT

HANCOCK, JR., J.

In *Silver v Great Amer. Ins. Co.* (29 NY2d 356) the court relaxed its traditional proscription of the use of *forum non conveniens* in cases where one of the parties is a resident of the State, stating that "our courts should not be under any compulsion to add to their heavy burdens by accepting jurisdiction of a cause of action having no substantial nexus with New York" (*Silver v Great Amer. Ins.*

*Co., supra,* p 361).[1] Noting that the question of whether *forum non conveniens* should be applied is one generally " 'committed to the discretion of the courts below, to be exercised by reviewing and evaluating all the pertinent competing considerations' ", the court stated that henceforth its application "should turn on considerations of justice, fairness and convenience and not solely on the residence of one of the parties. Although such residence is, of course, an important factor to be considered, *forum non conveniens* relief should be granted when it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties" (*Silver v Great Amer. Ins. Co., supra,* p 361). In this action involving a New York plaintiff, Special Term, relying primarily on *Silver,* has invoked the rule and dismissed the action on condition that defendants accept service in Ohio. Plaintiff appeals, arguing that too little weight has been given to the fact of his residence in this State and that under the circumstances Special Term's order was an improvident exercise of discretion. We agree.

The action, brought by a resident of Erie County, for the conscious pain and suffering and wrongful death of J. Ryan Sullivan, arises out of an automobile accident which occurred on October 20, 1977 on the Ohio Turnpike in Lorain, Ohio. Decedent and Mark G. Ruof and Edward F. Shaughnessy, all recent graduates of Notre Dame University, were on route to a football game in South Bend, Indiana, when their car, driven by Ruof, left the highway and struck a parked tractor trailer owned by the corporate defendant, J.V. McNicholas Transfer Co. Decedent resided in Erie County. The Ruof car was registered in New York and owned by Margaret E. Ruof, a New York resident. At the time of the accident, Mark Ruof was a resident of

---

1. The rule in *Silver v Great Amer. Ins. Co.* (29 NY2d 356) has been codified in CPLR 327, which reads: "When the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just. The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action." (See McLaughlin, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C327:1, p 219, 1982-1983 Pocket Part.)

Hamburg, New York, but when the motion was made he was living in California. The other passenger, Edward Shaughnessy, at the time lived and still lives in Maryland. Although defendant J.V. McNicholas Transfer Co. is an Ohio corporation, the driver, defendant John David Henry, Sr., resides in Pittsburgh, Pennsylvania. Ohio State Police officers investigated the accident, and there are three other Ohio witnesses: a photographer, a tow truck driver and a motorist who observed the Ruof vehicle when it passed him prior to the accident. Additionally, the records of any medical treatment given decedent prior to his death are at the Lorain Community Hospital. The letters of administration were issued from Erie County Surrogate's Court. Plaintiff's action against Mark Ruof and Margaret Ruof has been settled.

The rationale underlying New York's pre-*Silver* prohibition of the use of *forum non conveniens* in all cases involving residents, expressed in early as well as recent New York decisions, is that of avoiding the expense and burden on the courts and taxpayers of hearing cases of no interest to New York residents. In the oft-quoted decision of *Ferguson v Neilson* (58 Hun 604, 11 NYS 524), for example, in dismissing an action arising out of an accident in Rhode Island between two Rhode Island residents the court stated: "The reason of the rule is obvious, — because the courts of this state should not be vexed with litigations between non-residents over causes of action arising outside of our own territorial limits. Our courts are not supported by the people for any such purpose" (*Ferguson v Neilson,* 11 NYS, at p 524) (see, also, *Fertel v Resorts Int.,* 35 NY2d 895, 897; *Varkonyi v S. A. Empresa De Viacao Airea Rio Grandense* [*Varig*], 22 NY2d 333, 336; *Bata v Bata,* 304 NY 51, 56; *Hoes v New York, New Haven & Hartford Riv. R. R. Co.,* 173 NY 435, 441; *Robinson v Oceanic Steam Nav. Co.,* 112 NY 315, 323, 324; *Reep v Butcher,* 176 Misc 369; *Gainer v Donner,* 140 Misc 841).[2] The corollary of the rule

---

2. The criteria for invoking the doctrine of *forum non conveniens* expressed in the early Scottish and English cases out of which the doctrine in the United States developed were not the burden on the courts and avoidance of expense as in New York but convenience of the parties and the ends of justice (see 35 Cal L Rev 380, 404-409; 29 Col L

that New York courts should refuse jurisdiction in cases involving out-of-State torts between nonresidents was the rule that *it not do so* where one party is a resident and taxpayer bearing his share of the burden.[3] Thus, in *Gregonis v Philadelphia & Reading Coal & Iron Co.* (235 NY 152, 158-159), the court stated: "Never has the Supreme Court refused jurisdiction in such instances to a resident of the state * * * The courts of this state were primarily for the residents of this state." And in *de la Bouillerie v de Vienne* (300 NY 60, 62), the court announced the unqualified rule, later qualified in *Silver,* in these terms: "Our courts are bound to try an action for a foreign tort when either the plaintiff or the defendant is a resident of this State. (*Crashley* v. *Press Pub. Co.,* 179 N.Y. 27, 32.) It is only when an action is brought by one nonresident against another for a tort committed outside the State that our courts may refuse to take cognizance of the controversy."

The *Silver* court, we note, did not abrogate but instead modified or "relaxed" (*Silver v Great Amer. Ins. Co., supra,* p 361) what had theretofore been the categorical rulings of *de la Bouillerie* and *Gregonis* (*supra*) so as to permit, in certain circumstances, the application of *forum non conveniens* in a case involving a resident, holding that although such residence is still "an important factor to be considered" (*Silver v Great Amer. Ins. Co., supra,* p 361), the application of the doctrine should turn on considerations of fairness and convenience and "not solely on the residence

Rev 1, 20-21; 73 Harv L Rev 909, 1009-1011). New York's emphasis on its own interests may also be seen in its limitation of the *forum non conveniens* doctrine generally to tort actions, apparently because some benefit may be expected to accrue to the State through the use of its courts for property or business related actions (see *Wedemann v United States Trust Co. of N. Y.,* 258 NY 315; *Wertheim v Clergue,* 53 App Div 122, 125-126; 35 Cal L Rev 380, 405).

3. Professor Edward L. Barrett, Jr., notes in The Doctrine of Forum Non Conveniens (35 Cal L Rev 380, 413-414) that courts which have emphasized convenience to the court as a basis for applying *forum non conveniens* have usually applied the corollary: "Courts which have emphasized convenience to the court as a basis for the doctrine have usually held that the bona fide residence of either the plaintiff or the defendant in the forum state at the time the cause of action arose is enough to compel the trial court to assume jurisdiction. When the plaintiff is a resident the courts of some states indicate the trial court has no discretion to refuse jurisdiction; others treat the plaintiff's residence as such a strong factor in favor of exercising jurisdiction that it will usually be decisive. Here arguments of convenience to the court are said to be counterbalanced by the court's duty to citizens of the state who pay taxes and contribute to the upkeep of the courts."

of one of the parties" (*Silver v Great Amer. Ins. Co., supra,* p 361). In easing the rule it expressly reaffirmed the traditional New York view (see *Bata v Bata, supra,* p 56; *Robinson v Oceanic Steam Nav. Co., supra,* pp 323-324) that the doctrine of *forum non conveniens,* in large part, rests on considerations of "public policy": i.e., that New York courts should not be under any compulsion to add to their heavy burdens by accepting cases having no substantial nexus with this State (see *Silver v Great Amer. Ins. Co., supra,* p 361).

By no means, then, has New York abandoned residence as an important consideration in *forum non conveniens* analysis. On the contrary — in view of its re-emphasis of court inconvenience and burden as the policy reason underlying the doctrine (a reason which can have little bearing in a case where one party is an actual resident [see *Gregonis v Philadelphia & Reading Coal & Iron Co.,* 235 NY 152, 159, *supra*]) — we agree with the conclusion of one respected commentator that, particularly where the resident party is the plaintiff, "the residence of the plaintiff should generally be the most significant factor in the equation" (McLaughlin, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C301:4, p 11, 1982-1983 Pocket Part).[4] Thus unless as was true in *Silver* (*supra,* p 361), "it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties", we are of the view that a resident plaintiff should not be deprived of New York as his chosen forum. The burden of proof on this issue is upon the party who challenges the maintenance and continuation of the suit in this State (*Bader & Bader v Ford,* 66 AD2d 642, 645).

Other factors to be considered and weighed against the interest of the plaintiff in having the case tried in his own

---

**4.** To the same effect is the statement by Joseph M. McLaughlin (Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C327:1, p 219, 1982-1983 Pocket Part): "While the residence of a party, *particularly the plaintiff's, is important in the forum non conveniens equation,* it will no longer be the sole factor. The courts are now charged with balancing all the equities in deciding whether a New York action should more conveniently be tried elsewhere." (Emphasis added.) (But see *Slaughter v Waters,* 41 AD2d 810.)

State are the convenience of and possible burden on the courts (see *Fertel v Resorts Int.,* 35 NY2d 895, 897, *supra; Sannazzari v Pan Amer. World Airlines,* 35 NY2d 690) and, most importantly, the degree of hardship on the defendant (*Varkonyi v S. A. Empresa De Viacao Airea Rio Grandense* [*Varig*], 22 NY2d 333, 338, *supra*). As summarized in *Irrigation & Ind. Dev. Corp. v Indag* (37 NY2d 522, 525): "the court's overall focus must relate to the question of whether New York is an inconvenient forum and whether another is available 'which will best serve the ends of justice and the convenience of the parties.' (*Silver v Great Amer. Ins. Co.,* 29 NY2d 356, 361, *supra*.)"

We hold that the defendant here has not clearly established that the action has no substantial nexus with New York or that New York is an inconvenient forum and that Ohio would better serve the ends of justice and convenience of the parties (see *Bader & Bader v Ford, supra,* p 645). Unlike the stockholders' derivative action in *Bader & Bader* where the New York plaintiff was a nominal representative for Ford Motor Company, a Michigan corporation (see, also, *Koster v Lumbermens Mut. Co.,* 330 US 518), plaintiff here, a resident of Erie County, represents an estate being administered in Erie County of a deceased Erie County resident in a wrongful death action (see EPTL 5-4.1) being brought for the benefit of the next of kin who reside in Erie County. Surely the next of kin have a substantial interest in having the issues of liability and damages tried before a court and jury in their own State. There are other New York contacts: the car was registered in New York to a New York owner and driven by Mark Ruof, who at the time was a New York resident. The trip to South Bend, Indiana, originated in New York, where it appears the three occupants had attended a party the night before the accident. Thus, as contrasted with *Silver* where there was at most a tenuous New York connection, it cannot be said that the action here has "no substantial nexus with New York" (*Silver v Great Amer. Ins. Co., supra,* p 361).

Nor has defendant clearly demonstrated that Ohio would "best serve the ends of justice and convenience of the parties" (*Bader & Bader v Ford, supra,* p 645). No one

suggests that it would be a measurably greater hardship or expense for the individual defendant, Henry, a resident of Pittsburgh, Pennsylvania, to attend a trial in Erie County than it would be for him to attend one in Ohio. While defendant J.V. McNicholas Transfer Co. is an Ohio corporation, there is no showing that any representative of that company is a witness and no claim that it would be necessary for one to travel from Ohio to attend the trial. If defendants should find it necessary to produce Mark Ruof and Edward Shaughnessy as witnesses, it would be no more difficult and expensive to bring them from California and Maryland to New York than from those States to Ohio. To be sure, that the State troopers and other witnesses would have to come from Ohio to Erie County is something to be considered as bearing both on inconvenience and hardship to the defendant and inconvenience to the court. It seems possible, however, that through the use of depositions, the necessity of producing the photographer, or a witness from the hospital to identify the records, or even the tow truck driver might be obviated.

*Epstein v Sirivejkul* (64 AD2d 216, affd 48 NY2d 738) and *Bader & Bader v Ford* (*supra*), both relied on by defendants, are readily distinguished. As contrasted with the case here where the defendant driver would be no more inconvenienced by a trial in New York than by one in Ohio, in *Epstein* both defendants (the drivers of the cars involved in the accident whose appearance and testimony would be necessary) as well as all of the passengers in the vehicles except plaintiff, were residents of Ohio and, had the motion been denied, would have been required to travel to the trial in Sullivan County, New York. Moreover, both cars were registered in Ohio, the accident was investigated by Ohio police, and plaintiff received medical treatment in an Ohio hospital. And in *Bader & Bader v Ford* (*supra*), as pointed out, plaintiff was a nominal party suing in his representative capacity in the right of a Michigan corporation, while plaintiff here represents a New York administered estate of a New York decedent suing for the benefit of New York next of kin. Our decision, we believe, is consistent with *Boxer v Paige* (66 AD2d 664) and with *Slaughter v Waters* (41 AD2d 810), where the court made a comment which we

find pertinent: "While it is true that defendant's witnesses would be inconvenienced by a trial here, plaintiff would be similarly inconvenienced by the denial to him of access to our courts to redress his grievance" (*Slaughter v Waters, supra,* p 810).

Therefore, considering all of the circumstances, we hold in the exercise of our discretion that the order should be reversed and the motion denied.

CALLAHAN, DENMAN, GREEN and MOULE, JJ., concur.

Order unanimously reversed, with costs, and motion denied.