HERBERT BROIDA et al., on Behalf of Themselves and All Other Holders of Dow JONES & COMPANY, INC., Stock Similarly Situated, and in the Right of Dow JONES & COMPANY, INC., Derivatively, Appellants, v BETTINA BANCROFT et al., Respondents.

Second Department, July 23, 1984

APPEARANCES OF COUNSEL

*Wilson, Elser, Edelman & Dicker* (*Edward J. Boyle, Steven Kent* and *Mary E. Reisert* of counsel), for appellants.

*Patterson, Belknap, Webb & Tyler* (*Frederick T. Davis, David E. Moran* and *Richard J. Tofel* of counsel), for respondents.

TITONE, J. P.

In this shareholders' derivative action, plaintiffs appeal from two orders of the Supreme Court, Suffolk County. The first order granted defendants' cross motion to dismiss the complaint, the court finding that the litigation concerned the internal affairs of a foreign corporation and "[i]n the exercise of discretion * * * refus[ing] jurisdiction". The second order was made upon reargument and adhered to the original determination. We conclude that, in light of the substantial nexus of this litigation with New York, it was an improvident exercise of discretion to decline jurisdiction.

In January, 1984, the board of directors of the defendant Dow Jones & Company (hereinafter Dow) announced that a recapitalization stock-split plan would be submitted for ultimate approval at the annual meeting of Dow's stockholders. The plan provided for the issuance of a stock dividend of one share of newly issued class B stock for every two shares of existing common stock. The new class B stock would have 10 voting rights per share, while the existing common stock would continue to retain a single vote per share. In addition to the radical change in voting rights, the plan would also place severe restrictions on the transferability of the new class B common shares.

The stated purpose of the reorganization is to substantially benefit Dow's majority shareholder group, all members of a single family owning 56.2% of Dow stock. If ratified and implemented, the proposal would enable the family to sell more than 50% of their present holdings, thereby obtaining needed personal capital, while simultaneously retaining voting control of the company.

In order to protect their interest from these consequences, the plaintiffs, shareholders of Dow, brought this action on behalf of themselves and all other minority shareholders similarly situated, and on behalf of Dow derivatively, for permanent injunctive relief. By motion,

they sought a preliminary injunction and expedited discovery. Defendants opposed plaintiffs' motion and cross-moved to dismiss the action upon the ground that it concerned the "internal affairs" of a foreign corporation, Dow having been incorporated in Delaware.

■ Following oral argument, Special Term granted the cross motion, thus rendering plaintiffs' motion for a preliminary injunction and other relief moot. We expedited the appeal and temporarily enjoined Dow from putting the recapitalization plan into effect. We now remit the matter to the Supreme Court, Suffolk County, for further proceedings.

At one time, many jurisdictions followed a doctrine to the effect that the courts of one State would not "interfere with or control by injunction or otherwise the management of the internal affairs of a corporation organized under the laws of another State but [would] leave controversies as to such matters to the courts of the State of the domicile" (*Rogers v Guaranty Trust Co.*, 288 US 123, 130; see Jurisdiction of Actions or Proceedings Involving Internal Affairs of Foreign Corporations, Ann., 155 ALR 1231; 17 Fletcher's Cyclopedia Corporations [rev ed], § 8425). On this basis, suits brought by domestic shareholders against foreign corporations were often dismissed when the shareholder was affected solely in his capacity as a member of the corporation (*Langfelder v Universal Labs.*, 293 NY 200; *Cohn v Mishkoff Costello Co.*, 256 NY 102).

Older cases tended to view the doctrine as jurisdictional, justifying the refusal to entertain such litigation on the premises that it was inadvisable to interpret the law of another State, that the possibility of conflicting decisions should be avoided, and that the court's judgment might not be enforceable elsewhere (see Ann., 155 ALR 1231, 1233-1235; Comment, Forum Non Conveniens as a Substitute for the Internal Affairs Rule, 58 Col L Rev 234, 234-235). The doctrine was nonetheless subject to numerous exceptions, and other decisions tended to view the question as one of discretion, based on considerations of convenience and public policy, not a lack of power (*Goldstein v Lightner*, 266 App Div 357, 358, affd 292 NY 670; *Samuelson v Starr*, 28 Misc 2d 479, 480 [Samuel Rabin, J.]; *Levy v Pacific*

*Eastern Corp.,* 153 Misc 488, 489-490; 17 Fletcher's Cyclopedia Corporations [rev ed], §§ 8425-8428; Henn and Alexander, Corporations [3d ed], § 86).

The doctrine was questioned by the Supreme Court of the United States in *Williams v Green Bay & Western R. R. Co.* (326 US 549) and abrogated entirely in the Federal courts a year later in *Koster v Lumbermens Mut. Co.* (330 US 518, 527), the court holding, in effect, that the "internal affairs" rule is not entitled to separate status and should be treated as one facet under general principles of *forum non conveniens.* The Restatement of Conflict of Laws, Second (§ 84, Comment *d*), and numerous commentators, take the same position (Henn and Alexander, Corporations [3d ed], § 86; Weintraub, Conflict of Laws [2d ed], § 4.33, p 211; Latty, Pseudo-Foreign Corporations, 65 Yale LJ 137, 144; Comment, Forum Non Conveniens as a Substitute for the Internal Affairs Rule, 58 Col L Rev 234; Comment, Internal Affairs Rule in Federal Courts — The *Erie* Problem, 115 U of Pa L Rev 973). The *Koster* case (*supra*) has often been utilized as the focal point for analysis by the courts of this State (e.g., *Bader & Bader v Ford,* 66 AD2d 642, 645, app dsmd 48 NY2d 649; *Field v Jordan,* 14 AD2d 845; *43-49 Chenango St. Corp. v Metropolitan Life Ins. Co.,* 6 Misc 2d 788; *Novich v Rojtman,* 5 Misc 2d 1029).

"The vague principle that courts will not interfere with the internal affairs of a corporation whose foreignness is at best a metaphysical concept, must fall before the practical necessities of the modern business world" (Note, 44 Harv L Rev 437, 439). We therefore hold that a suit which concerns the internal affairs of a foreign corporation should be entertained unless the same factors that would lead to dismissal under *forum non conveniens* principles suggest that New York is an inconvenient forum and that litigation in another forum would better accord with the legitimate interests of the litigants and the public (see *Royal China v Regal China Corp.,* 304 NY 309, 312-313; *Goldstein v Lightner,* 266 App Div 357, affd 292 NY 670, *supra;* Weintraub, Conflict of Laws [2d ed], § 4.33, p 211). As succinctly put in the Restatement, "[a] court will exercise jurisdiction over an action involving the internal affairs of a foreign corporation unless it is an inappropriate or an

inconvenient forum for the trial of the action" (Restatement, Conflict of Laws 2d, § 313).

Consideration of all relevant factors compels the conclusion that plaintiffs should not be deprived of their chosen forum (cf. *Westwood Assoc. v Deluxe Gen.*, 53 NY2d 618, affg 73 AD2d 572; *Irrigation & Ind. Dev. Corp. v Indag, S.A.*, 37 NY2d 522; *Fertel v Resorts Int.*, 35 NY2d 895; *Silver v Great Amer. Ins. Co.*, 29 NY2d 356). Defendants have not carried their burden of establishing that litigation in New York would be inconvenient and that the ends of justice and the convenience of the parties would best be served if the litigation were to proceed elsewhere (see *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479; *Banco Ambrosiano v Artoc Bank & Trust*, 62 NY2d 65, 74; *Bader & Bader v Ford*, 66 AD2d 642, 645, app dsmd 48 NY2d 649, *supra*).

Plaintiffs, as New York residents, are presumptively entitled to utilize their judicial system for dispute resolution (McLaughlin, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C301:4, p 5; C327:1, pp 238-239, 1983-1984 Pocket Part; *Slaughter v Waters*, 41 AD2d 810). In fact, New York has a special responsibility to protect its citizens from questionable corporate acts when a corporation, though having a foreign charter, has substantial contacts with this State (e.g., *Western Air Lines v Sobieski*, 191 Cal App 2d 399; *Dudley v Waite Min. Co.*, 49 Wn 2d 867; see Latty, Pseudo-Foreign Corporations, 65 Yale LJ 137; Reese & Kaufman, The Law Governing Corporate Affairs: Choice of Law and the Impact of Full Faith and Credit, 58 Col L Rev 1118; cf. *Rakaric v Croatian Cultural Club*, 76 AD2d 619, app dsmd 52 NY2d 1072).

On the defendants' side of the equation, we note that Dow's contacts with this State are indeed substantial. Its principal place of business is in Manhattan. Its transfer agent and books and records are located in New York. Its stock is traded on the New York Stock Exchange. It scheduled its stockholders' and directors' meetings in New York. Moreover, Dow has previously urged that New York is an appropriate forum for corporate litigation in another case (*Dow Jones & Co. v Board of Trade*, 539 F Supp 190, 192).

It ill behooves Dow to now urge the contrary (cf. *Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591). The majority of Dow's shareholders and its officers and directors either reside or do business in New York, and Dow has been a frequent litigant in New York courts (e.g., *Dow Jones & Co. v Board of Trade, supra; Rudin v Dow Jones & Co.,* 510 F Supp 210, 557 F Supp 535; *Pressler v Dow Jones & Co.,* 88 AD2d 928; *Sprecher v Dow Jones & Co.,* 88 AD2d 550, affd 58 NY2d 862; *Matter of Guilfoyle [Dow Jones & Co. — Catherwood],* 36 AD2d 108, affd 30 NY2d 784).

The only nexus with Delaware would appear to be the fact that Dow is incorporated there. There is no reason to believe that Delaware would be a more convenient forum than New York (cf. *Bader & Bader v Ford,* 66 AD2d 642, app dsmd 48 NY2d 649, *supra*). In no respect is this a species of "imported litigation" (cf. *Bader & Bader v Ford,* 66 AD2d 642, 647, *supra*).

■ We have not, of course, considered the "appendix" to defendants' brief consisting of an affidavit and other items dehors the record. It is axiomatic that appellate review is limited to the record made at nisi prius and, absent matters which may be judicially noticed, new facts may not be injected at the appellate level (*People ex rel. Martinez v Walters,* 99 AD2d 476, 477; *Block v Nelson,* 71 AD2d 509; *Matter of Wish Realty Corp. v Starr,* 56 AD2d 656).

■ ■ Our scope of review of a discretionary matter is coextensive with that of Special Term (*Majauskas v Majauskas,* 61 NY2d 481, 493-494; *Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499; *Jacques v Sears, Roebuck & Co.,* 30 NY2d 466, 471; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5501.22). In other words, we are not limited to determining whether Special Term abused its discretion. We may exercise discretion independently and, on this record, we are convinced that this litigation should remain in New York.

The appeal from the order dated February 29, 1984 should be dismissed. That order was superseded by the order dated April 9, 1984, made upon reargument (*Alpert v Alpert,* 20 AD2d 560).

The order dated April 9, 1984 should be reversed insofar as appealed from, on the law and in the exercise of discretion, the defendants' cross motion should be denied, the complaint should be reinstated and the matter should be remitted to the Supreme Court, Suffolk County, for further proceedings in accordance with this opinion, including determination of the plaintiffs' motion for a preliminary injunction and priority of taking the depositions of the defendants. In the interim, the injunctive provisions contained in the order of this court dated April 16, 1984 should remain in full force and effect. Plaintiffs should be awarded one bill of costs.

MANGANO, GIBBONS and O'CONNOR, JJ., concur.

Appeal from an order of the Supreme Court, Suffolk County, dated February 29, 1984, dismissed. That order was superseded by an order of the same court, dated April 9, 1984, made on reargument.

Order of the Supreme Court, Suffolk County, dated April 9, 1984, reversed insofar as appealed from, on the law and as an exercise of discretion, complaint reinstated and matter remitted to the Supreme Court, Suffolk County, for further proceedings in accordance with the opinion herein, including determination of the plaintiffs' motion for a preliminary injunction and priority of taking the depositions of the defendants. In the interim, the injunctive provisions contained in the order of this court dated April 16, 1984 shall remain in full force and effect.

Plaintiffs are awarded one bill of costs.