■ Marcia Barocas, as Administratrix of the Estate of Philip Barocas, Deceased, Respondent, v Andrew Gorenstein et al., Appellants.—In an action to recover damages for personal injuries and wrongful death, the defendants appeal from an order of the Supreme Court, Richmond County (Amann, J.), entered December 3, 1990, which denied their motion to dismiss the action on the ground of forum non conveniens.

Ordered that the order is affirmed, with costs.

The Supreme Court did not improvidently exercise its discretion in denying the defendants' motion to dismiss the action on the ground of forum non conveniens. In this case the plaintiff's decedent was injured, and subsequently died from the injuries, while he was sitting atop the trunk of a car owned by the defendants Edward and Helene Gorenstein, and being operated by the defendant, Andrew Gorenstein. The accident occurred in Washington, D.C., where the decedent and Andrew Gorenstein temporarily resided as students at George Washington University. Thereafter, the plaintiff commenced the instant action in New York to recover damages for the pain and suffering and wrongful death of the decedent.

On appeal, the defendants argue, *inter alia,* that since the witnesses to the accident were fellow students who also temporarily resided in Washington, D.C., and since the defendants

may seek to implead parties who are not subject to New York's jurisdiction, dismissal on the ground of forum non conveniens is warranted pursuant to CPLR 327 (a). We disagree.

The plaintiff, as well as all other parties to this action are residents of the State of New York. Although the residence of the parties is no longer the sole factor to be considered when determining the issue of forum non conveniens, as a New York resident, the plaintiff is "presumptively entitled to utilize [this] judicial system for dispute resolution" (Broida v Bancroft, 103 AD2d 88, 92). In addition, as noted by the Supreme Court, by the time this action reaches the trial stage, the fellow students whom the defendants intend to call as witnesses "will have returned to their homes, which in some instances, is the State of New York". Thus, where, as here, the forum State has a substantial nexus to the cause of action, the plaintiff's choice of forum should not be disturbed (see, Temple v Temple, 97 AD2d 757, 758).

We also find no merit to the defendants' contention that a dismissal is warranted because of the alleged difficulty in obtaining jurisdiction over possible joint tort-feasors, especially since that contention is highly speculative at best (see, Corines v Dobson, 135 AD2d 390, 392). That an individual may not be subject to the jurisdiction of New York courts does not mandate dismissal based upon forum non conveniens (see, Moschera v Muraca, 148 AD2d 591).

Therefore, we conclude that "[t]he defendants have not carried their burden of establishing that litigation in New York would be inconvenient and that the ends of justice and the convenience of the parties would best be served if the litigation were to proceed elsewhere" (Broida v Bancroft, 103 AD2d 88, 92, supra; see, Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479, cert denied 469 US 1108; Banco Ambrosiano, S.p.A. v Artoc Bank & Trust, 62 NY2d 65, 74; Bader & Bader v Ford, 66 AD2d 642, 645). Accordingly, upon consideration of all relevant factors involved, the plaintiff should not be deprived of his chosen forum of New York (see, Broida v Bancroft, supra, at 92).

We have considered the defendants' remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Ritter and Santucci, JJ., concur.