■ CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, et al., Plaintiffs, v MOBIL CORPORATION et al., Defendants. EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY et al., Appellants, v MOBIL CORPORATION et al., Respondents. [756 NYS2d 204] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered February 25, 2002, which, inter alia, granted the cross motion of defendants Mobil Corporation, The Superior Oil Company, and Bluefield Insurance Ltd. (collectively Mobil) to dismiss the action on the ground of forum non conveniens, unanimously affirmed, with costs.

This is a declaratory judgment action to determine whether various insurers are obligated to indemnify Mobil Corporation and its subsidiaries for their past and future costs in connec-

tion with environmental contamination at and around certain internationally situated refining and hazardous waste disposal facilities. The original plaintiffs, Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies, who have settled with Mobil, commenced this action naming as defendants approximately 150 insurers who had issued or subscribed contracts of insurance related to Mobil's liabilities during the policy periods at issue. Eleven days after the commencement of this action, Mobil commenced an almost identical declaratory judgment action in Texas (*Exxon Mobil Corp. v Certain Underwriters at Lloyd's London,* Cause No. 2000-02117 [11th Jud Dist, Harris County, Texas]). Certain defendant insurers, some of whom have filed cross claims against Mobil, moved pursuant to CPLR 6301 to enjoin Mobil from proceeding with its Texas action, and Mobil cross-moved pursuant to CPLR 327 to dismiss the New York action on forum non conveniens grounds.

After balancing the factors relevant to the adjudication of a forum non conveniens motion (*see Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]), the motion court, in an exercise of its discretion, properly concluded that this action should be litigated in Texas rather than New York. Mobil demonstrated that its potential liability by reason of contamination at and around sites located in Texas was approximately eight times as great as its potential liability by reason of contamination at and around the New York sites for which coverage was sought. Indeed Mobil's potential liability for contamination attributable to the Texas sites represented fully 40% of the total $2.47 billion in past and predicted future costs arising from contamination at and around all United States sites, whereas only 5.3% of that total was traceable to contamination at and around the New York sites. In addition, in view of the circumstance that so large a proportion of the liability for which coverage is sought arose in Texas, the motion court reasonably concluded that there would be a significantly greater number of witnesses situated in Texas than in New York. Defendant insurers greatly overstate the nexus of this action to New York and, having been joined in this action by a nonresident plaintiff, are not entitled to any presumption favoring a resident's choice of forum (*cf. Broida v Bancroft,* 103 AD2d 88, 92 [1984]). Nor is there merit to defendant insurers' argument that the motion court failed to hold Mobil and its subsidiaries to their burden of proving that they would be inconvenienced if required to litigate this action in New York.

We have considered defendant-appellant insurers' remaining

arguments and find them unavailing. Concur—Tom, J.P., Saxe, Rosenberger, Lerner and Marlow, JJ.