ARTHUR M. EPSTEIN, Respondent, v KOSIN SIRIVEJKUL et al., Defendants, and CHARLES E. BRIENT, Appellant.

Third Department, October 19, 1978

## APPEARANCES OF COUNSEL

*Appelbaum & Eisenberg (Joel R. Appelbaum* of counsel), for appellant.

*Kalter & Gottlieb (Jeffrey Kaplan* of counsel), for respondent.

*John J. Brant, Jr.,* for defendants.

## OPINION OF THE COURT

LARKIN, J.

This action was brought by plaintiff, Arthur M. Epstein, in the Supreme Court of Sullivan County to recover for personal injuries sustained in a two-car automobile accident which occurred on August 31, 1975 in Athens, Ohio. Plaintiff was a passenger in an automobile owned by defendant Zalea Sirivejkul and operated by defendant Kosin Sirivejkul. The second vehicle was owned and operated by the appellant, Charles Edward Brient.

Plaintiff was initially treated in an emergency room of an Athens, Ohio, hospital. Upon returning to his place of residence in Liberty, New York, plaintiff was examined and treated by a physician from Monticello, New York. Both Liberty and Monticello are in Sullivan County. Although the diagnosis of the Ohio hospital apparently indicated that plaintiff's injuries were no more serious than contusions, the Sullivan County physician found that plaintiff had sustained a simple fracture of the distal right radius with severe sprain of the right wrist resulting in deformity of the right wrist and a 20% permanent disability of the wrist.

Jurisdiction over the appellant was obtained by means of the attachment of the obligation of his insurance company to defend and indemnify *(Seider v Roth,* 17 NY2d 111). This application was made under CPLR 327, which provides: "When the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just. The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action."

On this appeal, as at Special Term, the appellant emphasizes "[t]he strong and all-embracing connections that this case has with the State of Ohio". The accident, as stated above, occurred in Ohio. All of the parties to this litigation except the plaintiff are apparently Ohio residents, and the cars involved were registered and licensed in Ohio. Other passenger witnesses are also Ohio residents, and the accident was investigated by members of the Athens, Ohio Police Department. The plaintiff, on the other hand, relies upon his residence in Sullivan County, New York, and, in particular, emphasizes the problems which he would encounter should it

become necessary to produce his Sullivan County physician for testimony in Ohio.

New York no longer follows the former inflexible rule that the doctrine of *forum non conveniens* is inapplicable if any party to a lawsuit is a New York resident. Since the touchstone of *forum non conveniens* is flexibility, our courts need not entertain causes of action lacking a substantial nexus with New York. In considering the issue of whether the doctrine of *forum non conveniens* is applicable, we must consider that its application should turn on considerations of justice, fairness and convenience and not solely on the residence of one of the parties. Applying these principles, we conclude that despite plaintiff's residence in New York, an important factor here considered, the defendants' motion to dismiss must be granted. There is no nexus between this jurisdiction and the instant suit. The cause neither arose in, nor touched upon, New York. Nearly all of the witnesses are in Ohio, and the appellant would be forced to litigate far from home in a forum in which he had no contacts (CPLR 327; *Mollendo Equip. Co. v Sekisan Trading Co.,* 43 NY2d 916; *Silver v Great Amer. Ins. Co.,* 29 NY2d 356).

Accordingly, the order of Special Term denying appellant's motion to dismiss on the ground of *forum non conveniens* should be reversed and the complaint dismissed on condition that within 20 days from the date hereof appellant stipulates to accept service of process in Ohio and to appear in an action to be commenced in Ohio for the same relief demanded in the complaint herein and that in any such action commenced in Ohio he will not plead the Statute of Limitations as a defense, but will waive the same. In the event of appellant's failure to comply with the foregoing conditions, the order should be affirmed.

The order should be reversed, on the law and in the exercise of discretion, without costs, on the condition that appellant stipulates in accordance with the decision herein; in the event appellant should fail to so stipulate, however, the order should be affirmed.

SWEENEY, J. P., STALEY, JR., MAIN and MIKOLL, JJ., concur.

Order reversed, on the law and in the exercise of discretion, without costs, on the condition that appellant stipulates in accordance with the decision herein; in the event appellant should fail to so stipulate, however, the order is affirmed.