OPINION OF THE COURT
Joseph P. Kuszynski, J.
Defendants William Cleveland and Gloria Martinez move this court for a dismissal of the actions pending against them on the grounds of lack of jurisdiction.
While defendants do not specify whether this motion is for summary judgment pursuant to CPLR 3212, or for failure of *356 personal jurisdiction under CPLR 3211 (subd 8) or in rem jurisdiction under CPLR 3211 (subd 9), this court treats this motion as being under CPLR 3211.
This action arises out of an alleged accident which occurred on July 27, 1975 in Fort Lauderdale, Florida. Plaintiff Lottie Tomaszewski, a passenger in an automobile owned and operated by defendant Gloria Martinez, was injured when it became involved in a collision with an automobile owned and operated by the defendant William Cleveland.
In February, 1976, plaintiff Lottie Tomaszewski and her husband Edward Tomaszewski, both residents of New York State at the time of the accident, commenced this action against the defendants, who were residents of the State of Florida, in New York State pursuant to the jurisdictional rationale of Seider v Roth (17 NY2d 111).
The order attaching the automobile insurance policies of both defendants, was obtained in New York State by the plaintiffs. Both defendants were insured at the time of the accident by Allstate Insurance Company, a corporation doing business in New York as well as Florida.
Reluctantly, this court must agree with the contentions of the defendants that the United States Supreme Court has in fact, stripped this court of jurisdiction in the present matter, and in all matters where jurisdiction is based solely on the fictional in rem jurisdictional basis of the presence of an automobile insurance policy "debt” in New York State.
The defendants have no contact with New York State other than the "presence” of their insurance policies because of Allstate’s doing business here. The accident itself took place in Florida, both cars were registered in Florida, both drivers were Florida residents and insured in Florida.
Defendants’ only contact with New York State is plaintiff Tomaszewski’s residency and the fact that she was treated for her injuries in New York State.
These factors do not involve defendants’ contact with the New York forum, since they are plaintiffs’ contacts and as such cannot be considered cognizable factors in judging the fairness of the jurisdiction under International Shoe Co. v Washington (326 US 310).
In Rush v Savchuk (444 US 320, 332), the United States Supreme Court makes an issue of the fact that the Seider v *357 Roth doctrine erroneously shifted the mode of determining fairness from the defendants’ contact with the forum, to the plaintiff’s contact with the forum. "Such an approach is forbidden by International Shoe and its progeny.”
In the alternative plaintiff asks in the event of a dismissal of her lawsuit in New York, that defendants be ordered to accept service of process in the State of Florida and further that they agree to waive any defense based on the Statute of Limitations in the Florida action which has run out, citing Epstein v Sirivejkul (64 AD2d 216, affd 48 NY2d 738) in support of this proposition. In Epstein however, the New York action was transferred to another State upon the ground of forum non conveniens, and as such, New York retained jurisdiction over the matter until it was transferred to the other court. Here this court is now devoid of any jurisdiction and has lost the ability to order the defendants to take any further action whatsoever.
Plaintiffs’ further argument that the Seider v Roth (17 NY2d 111, supra) finding has no retroactive applicability so as to deprive this court of jurisdiction already obtained, has no merit since it is an established principle that a decision of the United States Supreme Court upon constitutional grounds takes effect immediately in all pertinent matters.
It should be noted that both defendants raised jurisdictional objections in their answers, and as such cannot be claimed to have waived their right under CPLR 3211 (subd [e]). Defendant William Cleveland’s answer denies that either personal or in rem jurisdiction has been obtained over him. The answer of defendant Gloria Martinez states as an affirmative defense that "the purported service on this answering defendant was improper, incomplete and defective and the Court lacks jurisdiction over the person of the defendant, Gloria Martinez.” As recently noted in a New York Law Journal article regarding the retroactive application of Rush v Savchuk (supra) defendants who "made (and thus preserved) a jurisdictional objection in a Seider -based case * * * are in a very good position now” (Siegel, "Seider” Overruling — Problem of Retroactivity, NYLJ, Feb. 26, 1980, p 1, col 2, p 3, cols 1-2).
Submit order accordingly granting defendants’ motion.