Arthur J. SILVERSMITH, Appellee,

v.

**KENOSHA AUTO TRANSPORT,**
Appellant.

No. 64898.

Supreme Court of Iowa.

Feb. 18, 1981.

Alan E. Fredregill of Gleysteen, Harper, Eidsmoe, Heidman & Redmond, Sioux City, for appellant.

Timothy W. Shuminsky of Shuminsky, Shuminsky & Molstad, Sioux City, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McGIVERIN, LARSON and SCHULTZ, JJ.

LARSON, Justice.

By leave of this court, the defendant Kenosha Auto Transport has appealed from the trial court's order refusing to dismiss this action brought by the plaintiff, Arthur J. Silversmith. The defendant contends the trial court abused its discretion in refusing to decline jurisdiction on the ground of forum non conveniens. We reverse and remand.

This action arose out of a Wyoming highway accident involving a truck owned and operated by the plaintiff and a truck owned by the defendant and operated by one of its employees. The plaintiff, a resident of Sioux City, Iowa, filed suit in Woodbury County, alleging negligence on the part of the defendant, a Wisconsin-based common carrier registered as a foreign corporation doing business in Iowa. Service of process was made upon the defendant's registered agent in Des Moines.

While conceding the trial court had in personam and subject-matter jurisdiction, the defendant in its substituted special appearance urged the trial court to decline jurisdiction on the ground of forum non conveniens. Aside from its allegation that a companion lawsuit arising out of the same collision had already been commenced in Wyoming federal court, the defendant alleged jurisdiction should be declined because:

1. The plaintiff's claim arose from a Wyoming multiple-vehicle accident.

2. No party or witness is a resident of Iowa, other than the plaintiff.

3. A necessary third party is a resident of Wyoming and is the driver of the pickup truck which actually struck the plaintiff's vehicle and did the damage, and he is not subject to jurisdiction or subpoena in the Iowa courts.

4. The investigating police officers, who are important witnesses, are all from Wyoming and are also outside the range of subpoena power.

5. Conflict of law rules require that Wyoming automobile law be applied to this case; Wyoming recognizes the doctrine of comparative negligence, which is not currently sanctioned by Iowa courts, nor familiar to Iowa judges or lawyers.

6. An Iowa jury would not, and a Wyoming jury would, have an opportunity to view the scene of the collision, should that become desirable.

The plaintiff, in his resistance, conceded that he "has no advantage to this forum other than he lives here," but argued that if he were forced to litigate his claim elsewhere, he would "suffer irreparable financial hardship" because of the distance of the trial from his home. The trial court, after hearing, concluded that "the inconvenience to defendant is [not] so great that this court should decline jurisdiction," and overruled the special appearance. Permission to bring an interlocutory appeal was subsequently granted by this court. Iowa R.App. P. 2, 6(b).

I. Forum non conveniens is a facet of venue "under which a court can decline to proceed with an action, although venue and jurisdiction are proper." 1 J. Moore, *Federal Practice* ¶ 0.145[2], at 1582 (1980); *see Douglas Machine & Engraving Co. v. Hyflow Blanking Press Corp.*, 229 N.W.2d 784, 791 (Iowa 1975) (forum non conveniens presupposes at least two forums in which jurisdiction and venue are proper). It is a self-imposed limitation on jurisdictional power which has been described as a necessary response to the expanding bases of personal jurisdiction derived from long-arm statutes, *see, e. g.,* Iowa R.Civ.P. 56.1(n), 56.2, which have increased the likelihood that a court will be faced with an imported lawsuit having little or no connection with the state in which the action was brought. *See* R. Leflar, *American Conflicts of Law* § 51, at 96–97 (1977); R. Weintraub, *Commentary on the Conflict of Laws* 155 (1971); *see also Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 527–28, 67 S.Ct. 828, 833, 91 L.Ed. 1067, 1075–76 (1947) (forum non conveniens a doctrine to avoid the unfairness, vexatiousness and oppressiveness of a

trial away from a defendant's domicile). Corporate defendants engaged in interstate business are especially vulnerable to such actions, due to statutes establishing their residency to be in any district in which it is incorporated, licensed to do business or is doing business, *see, e. g.*, § 616.8, The Code 1979 ("[a]n action may be brought against any ... line of coaches or cars ... in any county through which such road or line passes or is operated"). Moore, *supra* ¶ 0.145[3.–1], at 1587; *see also International Milling Co. v. Columbia Transportation Co.*, 292 U.S. 511, 54 S.Ct. 797, 78 L.Ed. 1396 (1934) (commerce clause may require dismissal of a suit brought in a seriously inappropriate forum against a common carrier engaged in interstate commerce). Thus, while a plaintiff's choice of venue may be proper, it may pose serious problems for the litigants if the action is in fact tried there. *See* Moore *supra* ¶ 0.145[3.–1], at 1586.

■■■ On the other hand, neither the mere desire of a party for some other forum nor a showing that the claim arose elsewhere is sufficient reason to sustain a dismissal on the grounds of forum non conveniens. *See* 1 Barron & Holtzoff, *Federal Practice & Procedure*, § 86.3, at 418–19 (1960). Rather, the moving party must "show the relative inconveniences were so unbalanced," *Douglas Machine*, 229 N.W.2d at 791, that jurisdiction should be declined on an equitable basis.

II. Prior to *Rath Packing Co. v. Intercontinental Meat Traders, Inc.*, 181 N.W.2d 184, 189–90 (Iowa 1970), this court had not determined whether a trial court possessed the power to dismiss an action because it was brought in an inconvenient forum. We recognized in *Rath Packing*, however, that courts have such power, although it is "rarely" exercised as a basis for declining subject-matter jurisdiction. *Id.* at 190; *see* 1 A. Vestal & P. Willson, *Iowa Practice* § 9.04, at 79 (1974) ("[t]he inference is that the courts of Iowa do have the power to invoke the [forum non conveniens] doctrine under certain circumstances").

In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, 1062 (1947), the Supreme Court cautioned against the cataloguing of factors which might warrant dismissal of an action on the basis of forum non conveniens. However, it discussed some of the factors to be considered in applying the doctrine:

If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial ....

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origins. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation .... There is an appropriateness, too, in having the trial ... in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id.* at 508, 67 S.Ct. at 843, 91 L.Ed. at 1075; *see United States v. General Motors Corp.*, 183 F.Supp. 858, 860 (S.D.N.Y.1960) (a court should consider all "practical problems that would make the trial of a case easy, expeditious, and inexpensive"); 13 U.L.A. *Interstate and International Procedure Act* § 1.05, Comment (d) at 292 (1975); *see also Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 524–25, 67 S.Ct. 828, 831–32, 91 L.Ed. 1067, 1074 (1947).

Deference accorded a plaintiff in his choice of venue, however, has prompted the fashioning of rules by some courts which have essentially foreclosed a trial court's exercise of its discretion. Accordingly, it has been held—and the plaintiff here contends—that if a plaintiff is a "resident" of the state in which the suit was brought, a trial court is without authority to dismiss the action for forum non conveniens. *See, e. g., Houston v. Caldwell,* 359 So.2d 858, 861 (Fla.1978); *see generally Annot., Foreign Action—Refusal to Entertain,* 48 A.L.R.2d 800, 809–810 (1956). Other less rigid rules have been proposed whereby a plaintiff's choice of venue will not be disturbed unless the "balance is strongly in favor" of the moving party, *Mobile Tankers Co. v. Mene Grande Oil Co.,* 363 F.2d 611, 613 (3d Cir.), *cert. denied,* 385 U.S. 945, 87 S.Ct. 318, 17 L.Ed.2d 225 (1966), or "weighty reasons" so require, *Leeper v. Leeper,* 116 N.H. 116, 118, 354 A.2d 137, 139 (1976); Restatement (Second) of Conflicts of Laws *supra* § 84, Comment *c* at 251. Several courts have simply reduced the deference accorded a plaintiff to a factor in their balancing processes, *see, e. g., Garner v. Wolfinbarger,* 433 F.2d 117, 119 (5th Cir. 1970) (plaintiff's residence a consideration for 28 U.S.C. § 1404(a) transfer). We indicated our adherence to this latter view in *Douglas Machine,* 229 N.W.2d at 791 ("residence is but part" of "all the many relevant factors" to be considered in a trial court's determination). Thus, residence of the plaintiff is not a controlling factor when other considerations point strongly in another direction. *See Alcoa Steamship Co., Inc. v. M/V Nordic Regent,* 636 F.2d 860, 867 (2d Cir.), *cert. denied,* —— U.S. ——, 101 S.Ct. 248, 66 L.Ed.2d 113 (1981). ("[t]he trend of . . . the common law [of forum non conveniens] . . . has been away from according a talismanic significance to the . . . residence of the parties"); *see generally Pain v. United Technologies Corp.,* 637 F.2d 775, 783 (D.C.Cir. 1980).

An examination of the disparate financial conditions of the parties, the plaintiff argues, favors a retention of jurisdiction here; however, there is nothing in the record to support this allegation. Moreover, while "[t]he ability of the respective litigants to bear the expenses of trial in a particular forum may be considered," *Grubs v. Consolidated Freightways, Inc.,* 189 F.Supp. 404, 410 (D.Mont.1960) (footnote omitted), it is by no means controlling.

Application of the forum non conveniens doctrine lies in the sound discretion of the trial court. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, 1062 (1947); *accord,* Restatement (Second) of Conflicts of Laws § 84, Comment *b* at 251 (1971); 20 Am.Jur.2d *Courts* § 172, at 511 (1965). In determining whether the trial court here abused its discretion in refusing to dismiss the plaintiff's action, we note that the defendant did not support its special appearance with affidavits, which would have been the better procedure. *See Tice v. Wilmington Chemical Corp.,* 259 Iowa 27, 34, 141 N.W.2d 616, 621 (1966) (uncontroverted facts in affidavit in support of special appearance "stand as a verity"). It did, however, specify the grounds for its special appearance as required by Iowa Rule of Civil Procedure 66, and these alleged grounds were not controverted in the trial court. On appeal, the plaintiff concedes the accuracy of the facts as alleged by the defendant except that the Wyoming litigation, he says, is now terminated.

There is merit in the defendant's argument that Wyoming is a more appropriate forum for the plaintiff's claim: (1) Wyoming was the situs of the accident, and all the key witnesses, including the investigating officers, are located there; (2) Wyoming has subpoena power over a necessary third party and important witnesses, which Iowa does not; (3) Wyoming courts have a greater familiarity with Wyoming substantive law, particularly with respect to comparative negligence; and (4) an action based on the same claim as the plaintiff's has been commenced in federal court in Wyoming. In contrast, apart from the plaintiff's residence, there is not a single factor which provides a nexus between this action arising in Wyoming and Iowa. It has been held, under similar circumstances,

that it is appropriate to dismiss a plaintiff's action on the basis of forum non conveniens. *Epstein v. Sirivejkul,* 64 A.D.2d 216, 218, 409 N.Y.S.2d 438, 439–40 (1978), *aff'd,* 48 N.Y.2d 738, 422 N.Y.S.2d 658, 397 N.E.2d 1326 (1979) (New York resident brought suit in New York arising out of Ohio automobile accident; because all other parties and witnesses located in Ohio, forum non conveniens applicable); *cf., Southern Ry. Co. v. Madden, cert. denied,* 352 U.S. 953, 77 S.Ct. 328, 1 L.Ed.2d 244 (1956), 235 F.2d 198, 201 (4th Cir.) (South Carolina resident brought suit in South Carolina for injuries occurring in North Carolina; because North Carolina was the state in which (1) all but one witness to the accident were located, (2) the issue of liability was governed by its substantive law, and (3) it would be convenient for a jury to view the accident site, trial court erred in denying transfer to North Carolina under 28 U.S.C. § 1404(a)).

We believe that under the circumstances there is a forum more convenient and considerably better suited than Iowa for the litigation of this plaintiff's claim. There are limits to which our courts should entertain claims which, despite proper jurisdiction and venue, have virtually no connection with this state. And, while we recognize a "strong interest in protecting Iowa residents from damage as a result of tortious actions ... by nonresident defendants," *Berkley International Co. Ltd. v. Devine,* 289 N.W.2d 600, 605 (Iowa 1980), we also observe there is an opposing policy consideration that the burden of resolving a dispute should not be thrust upon jurors and others in a court system having virtually no relation to its inception. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843, 91 L.Ed. at 1062. While we will accord considerable deference to a trial court's ruling in such cases, the balance of considerations weigh against the assertion of Iowa's jurisdiction in this case. We conclude that the trial court exceeded the limits of its discretion in ordering jurisdiction to be retained.

■ *III.* In dismissing an action on the ground of forum non conveniens, a court may impose reasonable conditions on the dismissal to insure that a plaintiff is not without a forum in which to litigate his claim. *See International Sales & Lease, Inc. v. Seven Bar Flying Service, Inc.,* 12 Wash.App. 894, 899–900, 533 P.2d 445, 448 (1975); Leflar, *supra* § 51, at 99; Weintraub, *supra,* at 156–57; Restatement (Second) of Conflicts; *supra* § 84, Comment *e* at 253. *Douglas Machine* made it clear that the doctrine would be applied only if "there is available another forum where trial will best serve the convenience of the parties and the ends of justice." 229 N.W.2d at 791 *(quoting Gore v. United States Steel Corp.,* 15 N.J. 301, 104 A.2d 670 (1954)).

Accordingly, we reverse as to the district court's overruling of the special appearance and remand this action to the trial court. Further proceedings are stayed pending plaintiff's pursuit of his claim in the State of Wyoming. Unless the plaintiff establishes, within sixty days of the issuance of procedendo or as may be extended by this court, that this claim is barred in Wyoming, the action pending in Woodbury District Court shall be dismissed.

REVERSED AND REMANDED.