783 F.2d 26
 54 USLW 2454
 Russell J. MOKHIBER, on Behalf of the FORD MOTOR CO., Appellee,
v.
Roy M. COHN; Saxe, Bacon & Bolan, P.C.; Alan M. Pollack;
Orenstein, Snitow, Sutak & Pollack, P.C.; and
Ford Motor Co., Inc., Defendants.
Appeal of Roy M. COHN; Saxe, Bacon & Bolan, P.C.; Alan M.
Pollack; Orenstein, Snitow, Sutak & Pollack, P.C.
 No. 489, Docket 85-7537.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 18, 1985.
Decided Jan. 30, 1986.
 
 Louis Biancone, New York City (Saxe, Bacon & Bolan, P.C., New York City), for appellants Cohn and Saxe, Bacon & Bolan, P.C.
 Robert Kushner, New York City (Cole & Dietz, New York City; Arthur P. Hui, of counsel), for appellants Alan M. Pollack and Orenstein, Snitow, Sutak & Pollack, P.C.
 Alan B. Morrison, Washington, D.C. (Public Citizen Litigation Group, Washington, D.C.; John Cary Sims, Washington, D.C.; David Paget, Sive, Paget & Riesel, P.C., New York City, of counsel), for appellee.
 Before FEINBERG, Chief Judge, MANSFIELD and OAKES, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal presents the question whether a derivative suit brought in New York against a foreign corporation and conditionally dismissed for forum non conveniens may be settled without the approval of the court in which the suit was brought. The settlement included payments of $200,000 in attorneys' fees, an additional $30,000 in disbursements to the plaintiffs' attorneys, and did not compromise the corporation's claim. The United States District Court for the Southern District of New York, Whitman Knapp, Judge, held that, under N.Y.Bus.Corp.Law Sec. 626(d), the derivative suit could not be settled without court approval, Mokhiber v. Cohn, 608 F.Supp. 616, 624 (S.D.N.Y.1985), and awarded judgment for the $230,000 payment plus prejudgment interest. Id. at 629. Familiarity with the background of the litigation as set forth, id. at 617-23, is assumed. For substantially the reasons stated in Discussion Part I of Judge Knapp's opinion, id. at 623-26, we affirm.
 
 
 2
 The New York statute, N.Y.Bus.Corp.Law Sec. 626(d) (McKinney 1963), states that derivative actions "shall not be discontinued, compromised or settled, without the approval of the court having jurisdiction of the action." The policy underlying the requirement of court approval found in the New York law, in the federal rule (Fed.R.Civ.P. 23.1), and in analogous statutes of other states, e.g., Del.Ch.Ct.R. 23.1, 24A Mich.Comp.Laws Ann. Sec. 450.1492 (West 1973), is plain. It is a policy
 
 
 3
 intended to discourage the private settlement of a derivative claim under which a shareholder-plaintiff and his attorney personally profit to the exclusion of the corporation and the other shareholders ... it was feared that if defendants were able to "buy off" plaintiffs by means of unsupervised out-of-court settlements, the result would be the institution of many stockholder suits of doubtful merit simply to enrich plaintiff and his lawyer.
 
 
 4
 7A C. Wright & A. Miller, Federal Practice and Procedure Sec. 1839, at 427-28 (1972), cited with approval in Daily Income Fund, Inc. v. Fox, 464 U.S. 523, 532 n. 7, 104 S.Ct. 831, 837 n. 7, 78 L.Ed.2d 645 (1984). As put more bluntly in Birnbaum v. Birrell, 17 F.R.D. 409, 411 (S.D.N.Y.1955), a requirement of court approval is "undoubtedly aimed at the unsavory practice of private and collusive settlement of stockholders' suits." See also Craftsman Finance & Mortgage Co. v. Brown, 64 F.Supp. 168, 178 (S.D.N.Y.1945) (court approval requirement designed to prevent "private settlements under which the plaintiff stockholder and his attorney got the sum paid in settlement, and the corporation got nothing ...");[1] Papilsky v. Berndt, 466 F.2d 251, 258 (2d Cir.), cert. denied, 409 U.S. 1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972).
 
 
 5
 In this case, while the principal individual defendant in the derivative suit did pay some $34,585 to the Ford Motor Co. and certain other corporate changes were made, dealt with in Judge Knapp's opinion, 608 F.Supp. at 619-20, 627-28, the fees and disbursements the derivative plaintiffs' attorneys received by virtue of the settlement--the plaintiffs themselves got nothing--were paid not by the principal derivative defendant but by the Company itself. The policies underlying the rule requiring prior court approval apply a fortiori in this case as well as the ordinary case in which a derivative defendant makes the payment in settlement to the derivative plaintiff or his counsel.
 
 
 6
 The only question of significance is whether under the New York statute the New York court(s) continued to have "jurisdiction" of the suit after its dismissal for forum non conveniens. Plainly, a New York court had jurisdiction over the case initially; forum non conveniens presumes jurisdiction. Bader & Bader v. Ford, 66 A.D.2d 642, 647, 414 N.Y.S.2d 132, 135 (1st Dep't), appeal dismissed mem., 48 N.Y.2d 649, 396 N.E.2d 481, 421 N.Y.S.2d 199 (1979). We believe that the court implicitly retained jurisdiction over the suit for the purpose of reviewing a proposed settlement or other termination of the action. When the Appellate Division granted the motion to dismiss for forum non conveniens, it did so
 
 
 7
 on condition that defendants, upon settlement of the order on this appeal, stipulate that they will accept service of process in and submit to the jurisdiction of the courts of the State of Michigan in any action to be there commenced on the causes of action alleged in the third amended complaint, and that in any such action defendants will not plead and thereby waive any defense of Statute of Limitations or lack of jurisdiction, and the appeal is otherwise dismissed as academic, without prejudice to defendants' right to assert [other defenses] in any action to be so commenced in Michigan....
 
 
 8
 Bader & Bader, 66 A.D.2d at 648-49, 414 N.Y.S.2d at 137. This was in accord with N.Y.Civ.Prac.Law Sec. 327(a) (McKinney Supp.1986), which expressly provides that a court, in responding to a motion for forum non conveniens, "may stay or dismiss the action in whole or in part on any conditions that may be just." The practice of conditioning forum non conveniens dismissals on accepting service or waiving the statute of limitations as a defense is common. E.g., Epstein v. Sirivejkul, 64 A.D.2d 216, 409 N.Y.S.2d 438 (3d Dep't 1978) (conditional dismissal), aff'd, 48 N.Y.2d 738, 397 N.E.2d 1326, 422 N.Y.S.2d 658 (1979).
 
 
 9
 While the state court did not expressly retain jurisdiction, the establishment of conditions has been deemed by one court to signify that a court retains jurisdiction until the matter is transferred to the other forum. Tomaszewski v. Cleveland, 103 Misc.2d 355, 425 N.Y.S.2d 966 (Sup.Ct.1980), aff'd, 81 A.D.2d 1018, 440 N.Y.S.2d 142 (4th Dep't 1981). At any rate, the conditions make clear that the dismissal was intended only to allow reinitiation of the suit in another forum. Even where the defendant executes the stipulation required as a condition, as took place in this case, the stipulation does not itself operate to institute suit in the other jurisdiction and thus the New York court retains jurisdiction for the purposes of Sec. 626(d) if the suit is terminated in a way not envisioned by the forum non conveniens dismissal. This is so for two reasons. First, notwithstanding the stipulation, the defendant might resist suit in the more convenient forum. The possibility that the New York court could reassert jurisdiction over the suit if this were to happen is implicit. Second, were such a settlement without court approval permitted, the requirements of Sec. 626(d) would be circumvented, making available a new route for collusive private settlement of derivative suits. A strike suit could be initiated in an inconvenient forum; after defendants successfully moved for forum non conveniens dismissal, a "window" would be created in which the parties could negotiate a settlement with impunity and without judicial oversight. Section 626(d) reflects clearly a legislative policy that once a suit has been initiated, it may not be terminated in any fashion without the approval of the court. Allowing the defendants here to keep their fees would set an unfortunate precedent which would permit a plaintiff to obtain the leverage the initiation of a suit provides without the limitations imposed by a requirement of court approval. The policy against private settlement of the derivative suit thus remains in effect until suit is actually instituted in the convenient forum, something which never happened here.
 
 
 10
 It is not significant that the settlement was without prejudice to another shareholder refiling the complaint, cf. Young v. Higbee Co., 324 U.S. 204, 212-14, 65 S.Ct. 594, 598-99, 89 L.Ed. 890 (1945) (holding shareholder accountable for abandoning appeal of all shareholders in exchange for a consideration). As Judge Knapp pointed out, 608 F.Supp. at 625, N.Y.Bus.Corp.Law Sec. 626(d) absolutely prohibits settlements without court approval, regardless whether there is prejudice to other shareholders. This is made clear by the requirement of notice in Sec. 626(d), which, by contrast, is invoked only where "the court shall determine that the interests of the shareholders or any class or classes thereof will be substantially affected by such discontinuance, compromise, or settlement...." While in some cases a failure to obtain court approval of a settlement of one plaintiff's claims would be de minimis, that is not the case here where there were fruits of the settlement. Young, 234 U.S. at 214, 65 S.Ct. at 599; see also Clarke v. Greenberg, 296 N.Y. 146, 149-50, 71 N.E.2d 443, 444-45 (1947). Those "fruits"--the moneys paid to counsel--must be accounted for irrespective of whether they went to the derivative plaintiffs or to their lawyers. "Defendant cannot evade his fiduciary responsibility to account to the corporation for all recovery resulting from his derivative action by the mere device of authorizing or permitting payment to his attorneys instead of himself." Certain-Teed Products Corp. v. Topping, 171 F.2d 241, 243 (2d Cir.1948).
 
 
 11
 We find appellants' other claims to be without merit. Judgment affirmed.
 
 
 
 [1]
 Both Birnbaum and Craftsman Finance are addressed to former Fed.R.Civ.P. 23(c), which required court approval of settlement or compromise of class actions and which was applied to derivative suits until the adoption of Rule 23.1. 7A C. Wright & A. Miller, Federal Practice and Procedure Sec. 1821 at 300-01. Section 626(d) was modeled on former Rule 23(c). N.Y.Bus.Corp.Law Sec. 626(d) (McKinney 1963) (legislative commentary)