Rebecca A. HOTH, Individually and as Administrator of the Estate of Bobbie J. Hoth, Deceased; Tina B. Hoth; Angela D. Hoth, A Minor by her Mother and Next Friend, Rebecca A. Hoth; and Bradley B. Hoth, A Minor by His Mother and Next Friend, Rebecca A. Hoth, Appellants,

v.

Mary Jo SEXTON and Craig Sexton, Appellees.

Rebecca A. HOTH, Individually and as Administrator of the Estate of Bobbie J. Hoth, Deceased; Tina B. Hoth; Angela D. Hoth, A Minor by her Mother and Next Friend, Rebecca A. Hoth; and Bradley B. Hoth, A Minor by His Mother and Next Friend, Rebecca A. Hoth, Appellants,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

No. 94–735.

Supreme Court of Iowa.

Oct. 25, 1995.

Robert L. Sudmeier and Norman J. Wangberg of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellant United States Fidelity and Guaranty Company.

Kathleen Neylan of Neylan Law Office, Elkader, for appellants Rebecca A. Hoth, Tina B. Hoth, Angela D. Hoth, and Bradley B. Hoth.

David L. Hammer and Angela C. Simon of Hammer, Simon & Jensen, Dubuque, for appellees.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

CARTER, Justice.

This appeal presents a challenge to an order conditionally dismissing, on forum non conveniens grounds, consolidated (but bifurcated) claims for wrongful death based on automobile negligence, and contractual underinsured motorist benefits. The order of conditional dismissal required the plaintiffs to commence similar claims in a Wisconsin court within sixty days. Either successful completion of that requirement or a failure to attempt it was to result in a final dismissal of the Iowa action. This court granted an interlocutory appeal from this order and stayed the effect of the order during the pendency of the appeal.

Neither the plaintiffs nor the insurance company in the underinsured motorist action asserted that the Iowa forum was inconvenient. They both appeal from the district court's disposition in that action. In the wrongful death action, defendants, who like the plaintiffs are Iowa domiciliaries, did assert that Iowa was an inconvenient forum. They asked that plaintiffs be required to sue in Wisconsin, the state where the alleged tort occurred. The plaintiffs appeal from the order granting that request.

On February 18, 1991, plaintiffs' decedent, Bobby J. Hoth, was killed in an automobile accident that occurred in Crawford County, Wisconsin. Hoth was separated from his wife at this time and was riding in an automobile owned by his girlfriend, Donna McKeeth. Her car was struck head-on by an automobile driven by defendant, Mary Jo Sexton, and owned by her husband, defendant Craig Sexton. The Sextons were both domiciled in Clayton County, Iowa, which is the situs of the administration of Bobby Hoth's estate and the domicile of the individual plaintiffs.

The chronology of this litigation is as follows:

September 13, 1991 Bobby Hoth's personal representative and his wife and children, individually, commenced an action in Clayton County seeking underinsured motorist benefits from the defendant, United States Fidelity & Guaranty Co. (USF & G).

February 17, 1993 These same plaintiffs commenced a wrongful death action against the Sextons that was also filed in Clayton County.

March 22, 1993 The Sextons moved for conditional dismissal of the wrongful death action on forum non conveniens grounds, asserting that the claim would more properly be adjudicated by the Wisconsin courts.

May 11, 1993 That motion was denied.

August 24, 1993 The underinsured motorist action and the wrongful death action were consolidated. It was ordered, however, that the trials were to be bifurcated with the wrongful death claim being tried first.

September 20, 1993 The wrongful death claim was assigned for trial to commence on April 6, 1994.

February 9, 1994 Donna McKeeth commenced an action in LaCrosse County, Wisconsin, against the Sextons and their liability insurers, seeking damages for the injuries she sustained in the collision that killed Bobby Hoth.[1]

March 7, 1994 The Sextons renewed their motion for conditional dismissal based on forum non conveniens grounds.

1. In an affidavit filed in support of the motion to dismiss on forum non conveniens grounds, it was asserted that if the motion was not granted the liability insurers in the Wisconsin litigation would file a declaratory judgment action against the Bobby Hoth estate. Although the extent of the proposed declaratory judgment action is not entirely clear, it appears that it was to adjudicate rights to the proceeds of the Sextons' liability insurance policies.

March 31, 1994 That renewed motion was granted and the impending April 6 trial was canceled.

In sustaining the Sextons' forum non conveniens claim, the district court found Wisconsin to be a more appropriate forum for the following reasons:

(a) Wisconsin is the situs of the accident.

(b) Wisconsin Courts have a greater familiarity with Wisconsin substantive law, rules of liability and comparative negligence.

(c) An action by one of the drivers is now pending in Wisconsin against the same defendants.

(d) Wisconsin has subpoena power over Wisconsin residents who are witnesses.

(e) Judicial economy is promoted.

(f) Possible conflicting decisions on apportionment of negligence are avoided.

(g) All claims can be tried together.

(h) Complex and inconsistent litigation over the distribution of insurance proceeds may be avoided.

(i) All parties will be assured the right to obtain an adjudication on the merits of their claims.

■ We first considered the doctrine of forum non conveniens in *Rath Packing Co. v. Intercontinental Meat Traders, Inc.,* 181 N.W.2d 184 (Iowa 1970). We stated in that case that the doctrine may only be invoked "when the facts of a particular case show it would be inequitable to take jurisdiction of a cause of action even though the court might have the power to do so, *it is rarely applied.*" *Id.* at 190 (emphasis added) (citing *Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). In the later case of *Silversmith v. Kenosha Auto Transport,* 301 N.W.2d 725 (Iowa 1981), we again considered the doctrine and described its application as follows:

[N]either the mere desire of a party for some other forum or a showing that the claim arose elsewhere is sufficient reason to sustain a dismissal on the grounds of forum non conveniens.... Rather, the moving party must "show the relative inconveniences were so unbalanced," citing *Douglas Machine & Engineering Co. v.*

*Hyflow Blanking Press Corp.,* 229 N.W.2d 784, 792 (Iowa 1975), that jurisdiction should be declined on an equitable basis. *Id.* at 727. These pronouncements in *Silversmith* were reaffirmed in *In re Marriage of Kimura,* 471 N.W.2d 869, 878 (Iowa 1991).

■ Although the district court's written decision makes a reasonably convincing case as to why Wisconsin is a more suitable forum for this litigation than is Iowa, that is not the test for invoking forum non conveniens. It is apparent from the foregoing cases that we do not view the forum non conveniens doctrine as being designed to promote efficiency of judicial administration on a multistate basis. Rather, the doctrine is developed as a means of protecting a defendant from having to defend in an unreasonably inconvenient forum. We have viewed the doctrine as a self-imposed limit used to avoid unfair, vexatious and oppressive actions in a forum away from the defendant's domicile. *Silversmith,* 301 N.W.2d at 726–27. Its genesis was a response to the expanding bases of personal jurisdiction derived from long-arm statutes. *Id.* at 726. The convenience of another forum does not become a consideration until it has first been shown that the defendant faces an unreasonable burden in defending in the plaintiff's chosen forum. After reviewing the record, we agree with plaintiffs' argument that the Sextons have failed to demonstrate that they were unduly burdened by having to defend in this state.

■ We do not find that the desire to achieve economies by consolidation of cases is a sufficient reason to deny plaintiffs access to the courts of this state, where both they and the Sextons are domiciled. No undue burden is placed on the defendants when the Iowa case is viewed in isolation. The district court's suggestion that the Sextons will be unable to secure the attendance of witnesses in Iowa is only an unsubstantiated assertion. Mary Jo Sexton was one of the drivers involved in the collision and is apparently available to the defendants as a witness. In contrast, the only member of the plaintiffs' family involved in the collision is now dead. In the absence of a showing to the contrary, which the Sextons did not provide, any ina-

bility to obtain witnesses would appear to be a greater handicap to plaintiffs than to defendants.

The choice of law rules that govern this case will not be difficult to apply, and contrary to the Sextons' assertions, some important aspects of the litigation may be governed by Iowa law. Although plaintiffs may have gained some advantage over Donna McKeeth in the competition for liability insurance proceeds had their case been tried when scheduled, the rights of tort creditors are frequently determined by a race to judgment. Plaintiffs' advantage, if any, in this regard was the product of their diligence in commencing their action before McKeeth commenced hers. It was neither necessary nor proper for the district court to remove that advantage by aborting the Clayton County trial scheduled in April of 1994.

Appellees argue strenuously that rulings on forum non conveniens matters are discretionary with the district court and may only be overturned based on a clear abuse of discretion. For authority to overturn district court rulings of this nature on appeal, we need look no further than the *Silversmith* case, which, although espousing the abuse-of-discretion standard of review, reversed the district court's order in that case. Moreover, the abuse-of-discretion standard is not applicable where, as here, the decision is based on an improper legal standard. For reasons we have stated, we conclude that the district court in the present case did employ an improper standard in granting defendants' motion and that, when a proper standard is applied, the motion necessarily fails.

We have reviewed all issues presented and conclude that the order of the district court must be reversed. The case is remanded to that court for further proceedings in these consolidated actions not inconsistent with this opinion.

**REVERSED AND REMANDED.**