## IN THE COURT OF APPEALS OF IOWA

No. 17-1200
Filed March 21, 2018

IN RE THE MARRIAGE OF CORY LEE FLEMING
AND TERESA COLLEEN FLEMING

Upon the Petition of
**CORY LEE FLEMING,**
        Petitioner-Appellee,

**And Concerning**
**TERESA COLLEEN FLEMING,**
        Respondent-Appellant.
_____

Appeal from the Iowa District Court for Hardin County, Timothy J. Finn,

Judge.

A party seeking modification of a dissolution decree seeks reversal of the

district court's order transferring venue. **REVERSED AND REMANDED.**

Dorothy L. Dakin and Daniel J. Johnston of Kruse & Dakin, L.L.P., Boone,

for appellant.

Matthew B. Moore of The Law Offices of Matthew B. Moore, PLLC.,

Oskaloosa, for appellee.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

When Teresa and Cory Fleming divorced in 2013, they entered a stipulated decree in Davis County. Teresa, who now lives in Iowa Falls, filed a petition to modify the decree in Hardin County. Cory, who still lives in Bloomfield, filed a pre-answer motion to transfer venue to Davis County. The district court granted Cory's motion. In this interlocutory appeal, Teresa seeks to return her modification action to Hardin County. Because Teresa filed her modification petition in a proper county, the district court did not have authority to transfer the case to another county under Iowa Rule of Civil Procedure 1.808. Further, if the doctrine of forum non conveniens is available for choosing venue between counties in Iowa, the district court did not perform the proper analysis here. Accordingly, we reverse and remand for further proceedings in Hardin County.

## I.      Facts and Prior Proceedings

Cory filed a petition for dissolution in July 2011 in Davis County, and the parties entered a stipulated decree in March 2013. Under the stipulated decree, Cory and Teresa assumed joint legal custody and joint physical care of their then eight-year-old twins, C.F. and L.F. At that time, Teresa lived in Ottumwa. In August 2013, Cory and Teresa entered a joint stipulation for modification of the decree, again filing in Davis County. The modification related to Teresa's move to Iowa Falls. Under the modification, Teresa assumed physical care with liberal visitation for Cory. In October, Cory filed another modification action in Davis County, seeking physical care of the children.

In July 2015, guardian ad litem (GAL) Amber Thompson of Sigourney filed a report for the Davis County district court. Thompson noted she represented the

children twice before as a GAL during the original divorce and the first modification. Thompson testified Teresa was more attuned than Cory to the children's educational needs, especially C.F.'s ADHD diagnosis. The GAL also observed that Teresa maintained more regular routines for the children, who were then in fifth grade, at her home. Thompson nevertheless recommended the court grant Cory's request to change physical care.

Dismayed by both parents' "bitter, ugly modification battle for custody of the children," the district court found no substantial change in circumstances warranting a switch in physical care. The court further held Cory did not show he would be the superior parent. The court concluded: "Cory does not take seriously C.H.'s diagnosis for ADHD. Teresa has. C.H. has benefitted greatly from Teresa's involvement with his diagnosis."

In April 2017, Teresa filed the current modification action—this time in Hardin County where she resides. Teresa is seeking a modification in Cory's visitation, asserting he is "unwilling to support C.F.'s diagnosis of ADHD and takes C.F.'s ADHD medication from him and refuses to allow him to take it on the weekends he is in Cory's care." Teresa's modification petition also alleged Cory had been threatening toward both C.F. and L.F. during visitation.

In May 2017, Cory filed a "pre-answer motion to transfer venue" or "alternatively to transfer based upon forum non conveniens." Cory's motion sought to transfer venue from Hardin County to Davis County because the original decree and other modifications had been handled in Davis County. Cory did not cite any authority to support his motion to transfer venue. Teresa filed a resistance to the

transfer motion. After a telephonic hearing, the district court granted Cory's motion, reasoning as follows:

> After reviewing the matter, the Court determines that either county is an appropriate place to try the case. Based primarily on the fact that at least two previous proceedings had been held in Davis County, Iowa, as well as the fact that there is an experienced guardian ad litem who practices law in Davis County and has been involved in at least two previous hearings involving these parties, the best place to schedule this matter for trial is in Davis County, Iowa.

The court did not cite any court rules nor did it mention forum non conveniens. Teresa filed a motion to reconsider, which the district court denied. Teresa then sought an interlocutory appeal, which the supreme court granted in September 2017. Teresa filed an appellant's brief, asking for the case to be returned to Hardin County. Cory waived his opportunity to file an appellee's brief. The supreme court transferred the appeal to us.

## II.     Scope and Standards of Review

Proper venue is a legal issue—making our review for the correction of errors at law. *See In re Marriage of Engler*, 532 N.W.2d 747, 748 (Iowa 1995); *see also Abernethy v. Schmitt*, 879 N.W.2d 866, 867 (Iowa Ct. App. 2016) (holding Iowa Rule of Civil Procedure 1.808 does not implicate district court's discretionary judgment). Even if the doctrine of forum non conveniens formed the basis for the district court's order, "the abuse-of-discretion standard is not applicable where, as here, the decision is based on an improper legal standard." *See Hoth v. Sexton*, 539 N.W.2d 137, 140 (Iowa 1995).

### III.     Analysis

Venue refers to the place where an action must be tried.  *Engler*, 532 N.W.2d at 748.  Venue for a custody modification action lies in the county where either party resides or in the county in which the original decree was entered.  Iowa Code §§ 598.2, 598.25 (2017).  Here proper venue lies in either Hardin County, where Teresa resides, or in Davis County, where Cory resides and where the original decree was entered.  *See Niles v. Iowa Dist. Court*, 683 N.W.2d 539, 541 (Iowa 2004) (interpreting Iowa Code sections 598.2 and 598.25 and holding the "legislature did not intend to foreclose the filing of a petition for modification in the county where the decree was entered, irrespective of the present residences of the parties").  Because Teresa filed her petition for modification in a proper county, the district court may not transfer the case to another county under Iowa Rule of Civil Procedure 1.808(1), which applies when an action is brought in the wrong county.  *See Engler*, 532 N.W.2d at 749 (*citing Slattery v. Iowa Dist. Ct.*, 442 N.W.2d 82, 85 (Iowa 1989)).

Assuming, without deciding, the doctrine of forum non conveniens applies to the transfer of lawsuits between counties in Iowa,[1] we conclude the district court did not employ a proper standard in transferring the case from Hardin County to

---

[1] Some states decline to apply the doctrine of forum non conveniens to intrastate transfers of lawsuits.  *See, e.g.*, *Salts v. Gulf Nat. Life Ins. Co.*, 743 So. 2d 371, 375 (Miss. 1999) ("The application of intrastate *forum non conveniens* remains invalid where the trial court is faced with a choice of venue between two Mississippi counties.); *State ex rel. Neville v. Grate*, 443 S.W.3d 688, 692 (Mo. Ct. App. 2014) ("Missouri courts may not use the doctrine of *forum non conveniens* in order to subject venue within the state to judicial discretion."); *State ex rel. Yeaples v. Gall*, 23 N.E.3d 1077, 1084 (Ohio 2014) ("Ohio does not recognize the applicability of forum non conveniens as a basis for intrastate transfers of venue.").  While our supreme court appeared to entertain a forum non conveniens argument in *Root v. Toney*, 841 N.W.2d 83, 93 (Iowa 2013), a case involving an intrastate venue question, the issue was not actually raised or decided in that appeal.

Davis County on Cory's motion. "Forum non conveniens is a facet of venue." *In re Marriage of Kimura*, 471 N.W.2d 869, 878 (Iowa 1991). The doctrine presupposes proper venue lies in two forums and allows a district court to "decline to proceed with an action though venue and jurisdiction are proper" to avoid "unfair, vexatious, oppressive actions in a forum away from the defendant's domicile." *Id.* In this case, Cory did not allege, and the district court did not find, that trying Teresa's modification action in Hardin County imposed an unreasonable burden on Cory.[2]

Aside from the prior dissolution actions occurring in Davis County, the only reason for the transfer appearing in the court's ruling was the fact that GAL Thompson was familiar with the children and practices law in Davis County. As Teresa pointed out in her motion to reconsider, a GAL has not yet been appointed in this modification action, and even if one were, the record does not indicate Thompson, Cory's preferred GAL, could not file her reports electronically in Hardin County. Moreover, any GAL appointed would likely be called to visit the children in Hardin County where they live with Teresa and attend school.

Most importantly, any inconvenience in appointing GAL Thompson is not the first concern in the forum non conveniens analysis. "The convenience of another forum does not become a consideration until it has first been shown that the defendant faces an unreasonable burden in defending in the plaintiff's chosen forum." *Hoth*, 539 N.W.2d at 139. After reviewing the record, we agree with Teresa's argument that Cory failed to demonstrate he was unduly burdened by

---

[2] The distance between Bloomfield and Iowa Falls is about 160 miles, a trip of less than three hours that the parties regularly make to exchange the children for visitations.

having to defend the modification action in Hardin County.  Accordingly, we reverse the venue transfer order of the district court and remand for further proceedings in Hardin County.

**REVERSED AND REMANDED.**