# IN THE COURT OF APPEALS OF IOWA

No. 20-1713
Filed June 30, 2021

IN RE THE MARRIAGE OF MACKENZIE PITCAIRN
AND SIMON J.T. RENAUD

Upon the Petition of
**MACKENZIE PITCAIRN,**
    Petitioner-Appellant,

**And Concerning**
**SIMON J.T. RENAUD,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Chad Kepros,
Judge.

Mackenzie Pitcairn appeals the dismissal of her petition for dissolution of
her marriage. **AFFIRMED.**

William M. Toomey of Phelan Tucker Law, LLP, Iowa City, for appellant.

Jacob R. Koller and Rae M. Kinkead of Simmons Perrine Moyer Bergman,
PLC, Cedar Rapids, for appellee.

Considered by May, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Mackenzie Pitcairn appeals the dismissal of her petition for dissolution of her marriage to Simon Renaud, arguing the district court abused its discretion in granting Renaud's pre-answer motion to dismiss on the doctrine of forum non conveniens. Both parties request appellate attorney fees. We find no abuse in the district court's consideration of the relevant factors and determine substantial evidence exists in the record to support the district court's decision. Accordingly, we affirm. We decline an award of appellate attorney fees.

## I.      Background and Facts

Mackenzie Pitcairn and Simon Renaud married in France on June 4, 2005. They now seek a dissolution of marriage. For most of the marriage, the parties resided in France. Pitcairn and the parties' two children possess dual citizenship and Renaud is a French citizen. The parties own real estate in France and the United States, various bank accounts, business entities, and other tangible property, most of which exist outside of the United States. Pitcairn and Renaud previously signed a premarital agreement, which is governed by French law.

Pitcairn and Renaud filed separate dissolution of marriage actions, one in France by Renaud on February 24, 2020, and one in Iowa by Pitcairn on August 18, 2020.[1] In response to Pitcairn's petition, Renaud filed a pre-answer to dismiss on December 3, 2020. The basis for Renaud's motion to dismiss surrounded claims of insufficiency of service and forum non conveniens. A hearing

---

[1] Pitcairn initiated a UCCJEA custody action in Johnson County, Iowa, after the children had been in Iowa for a period of six months. That case is not at issue in this appeal.

on Renaud's motion to dismiss was held on December 16.[2]  The district court denied Renaud's motion on the grounds of insufficiency of service but granted the dismissal on the basis of forum non conveniens.  Pitcairn timely filed a notice of appeal from that ruling on December 23.

## II.     Standard of Review

This appeal arises from a pre-answer motion to dismiss on the basis of forum non conveniens; therefore, our review is for corrections of errors of law.  *See* Iowa R. App. P. 6.907; *In re Marriage of Kimura*, 471 N.W.2d 869, 877 (Iowa 1991); *Silversmith v. Kenosha Auto Transp.*, 301 N.W.2d 725, 728 (Iowa 1981).  The power to apply the doctrine of forum non conveniens lies within the trial court's sound discretion.  *Kimura*, 471 N.W.2d at 879 (citing *Silversmith*, 301 N.W.2d at 728).  Considerable deference is given to the trial court's ruling.  *Id.* (citing *Silversmith*, 301 N.W.2d at 729).  We will not disturb a trial court's decision unless we find an abuse of discretion.  *Silversmith*, 302 N.W.2d at 728.  "Such review is not de novo; the findings of fact of the district court are binding on us if supported by substantial evidence."  *Kimura*, 471 N.W.2d at 877.  "Evidence is substantial if a reasonable mind could accept it as adequate to reach the same finding."  *Id.*

## III.    Analysis

**A.**  When at least two forums are appropriate for resolving a matter, the doctrine of forum non conveniens may be used to determine which is proper.  *Id.* at 878.  Mere desire for another forum, or showing the claim arose elsewhere, is not enough to sustain a dismissal on the grounds.  *Id.* (citing *Silversmith*, 301

---

[2] On the unresisted motion of Pitcairn, the district court took judicial notice of the parties' pending child custody and support case in Johnson County.

N.W.2d at 727). The test is that "the relative inconveniences are so unbalanced that jurisdiction should be declined on an equitable basis." *Id.* (citing *Silversmith*, 301 N.W.2d at 727).

In making this determination, the trial court is to consider factors that pertain to the private interests of the litigants including

> the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; the possibility of view of the premises, if view would be appropriate to the action; the enforceability of the judgment if one is obtained; and all other practical problems that make trial of a case easy, expeditious, and inexpensive.

*Id.*

The trial court also considers factors relevant to the interests of the public such as "the administrative difficulties for courts, trial in the forum that is the home of the state law which governs the case, and the burden of jury duty imposed on citizens of a forum with no relation to the litigation." *Id.* at 878–79. Additionally, "residency of the plaintiff is also considered but only as one of the many factors in the balancing process." *Id.* at 879.

When considering whether to enforce the doctrine of forum non conveniens in this case, the record reveals the district court adequately considered the relevant factors. Pitcairn's appeal challenges the sufficiency of the evidence before the court to support Renaud's motion, the district court's concerns surrounding property owned by the parties, the availability of potential witnesses, and finally, issues regarding enforceability. Bearing in mind the high degree of deference afforded to the district court, we address each of Pitcairn's issues in turn.

First, Pitcairn contends Renaud failed to adequately support the assertions made in his motion. The nature of this pre-answer dismissal lends the district court to rely on the facts and evidence before it and the reasonable inferences drawn from such.[3] We find the affidavits from the child custody case, additional undisputed facts regarding the parties and assets, and proper inferences drawn by the district court, adequately support the court's decision. "Administrative difficulties" that result from trying a case of this nature are valid grounds for the trial court to decide that the most just option is to grant the dismissal. *Id.*

Second, Pitcairn takes issue with the district court's concerns over the difficulty of administering a property distribution if it were ordered upon dissolution. As the district court addressed, property and subsequent ownership of both property and businesses are common discussions in dissolution cases. The district court highlighted that property division is often the most vexing aspect of cases such as this. While some property is located in the United States, the parties lived together in France, recently purchased substantial real estate in France, and have bank accounts in bordering countries, all of which will require significant effort and cost to resolve as part of the dissolution proceedings. The parties' financial holdings include the potential of interests in approximately four closely held entities established in Europe.

Further, the district court noted that valuation of the parties' assets and surface-level facts may appear simple and can be shown with proper records; however, "the court does not pretend to understand much at this point in regard to

---

[3] We note Renaud did not offer affidavits with his motion; however, affidavits and other relevant evidence were included in the judicially-noticed child custody case.

the ownership or value of assets, debts or income, or the interrelationship between [Renaud's] businesses." The intensity of such disputes paired with the fact that supporting documents are in another country and in a foreign language; make it reasonable for the court in this case to conclude that this case becomes "more daunting for the parties, their lawyers, and the court if not dismissed.

Closely related to the argument regarding the complications surrounding property is the notion that presenting testimony from expert witnesses, additional counsel, lay witnesses, and Renaud himself, will likely come with further difficulty if the action remains in Iowa. Potential witnesses familiar with the banks, the businesses, the premarital agreement, and the family reside in France or a nearby country.[4] It is reasonable to anticipate that outside expertise and witness testimony will be necessary to resolve the financial issues of the parties' pending dissolution of marriage.[5]

---

[4] With regard to the premarital agreement, the district court noted,

> Importantly, the parties executed a premarital agreement in France, which by its terms is governed by French law. A validly executed premarital agreement is a very important, often dispositive, consideration for the distribution of property following divorce under Iowa law. Presumably, the parties' Iowa counsel, who are likely not well-versed in French law, would need to consult with legal counsel who are knowledgeable of French law. Likewise, the interpretation and enforcement of a premarital agreement by an Iowa court applying French law would certainly be substantially more challenging than interpretation and enforcement of the premarital agreement by a court in France.

[5] Pitcairn highlights these same concerns in her affidavit to the court wherein she stressed her husband would not disclose the holdings, income, and appreciation of his companies, noting that much of the support for the family came from ownership of significant property in France and personal loans from foreign companies.

The district court found "business valuation and/or other financial experts will need to be employed by the parties, and it seems almost equally certain that the parties would want or need to employ French valuation experts." Additionally, relevant documents would need to be translated, requiring considerable cost, time, and effort. The district court's consideration regarding the "ease of access to sources of proof" and attainability of willing witnesses favor allowing for the resolution of this case in France. *Id.*

The final issue raised by Pitcairn is enforceability. There is an absence of evidence in this record that Renaud would not cooperate in the proceedings or any judgment that may be entered. Renaud highlights his compliance with the court process thus far, referencing his completion of the class for divorcing parents, participation in mediation, timely answers for documents, and obedience to the requests from the Family Law Case Requirements Order. The district court's findings the French court is more suited for resolution of any potential enforceability issues is not unreasonable, as much of the parties' property is located within French borders.

**B.** Both Renaud and Pitcairn request an award of appellate attorney fees. Appellate attorney fees are awarded upon our discretion and are not a matter of right. *See In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). When considering whether to exercise our discretion, "we consider 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013) (quoting *Okland*, 699 N.W.2d at 270). Given consideration to these factors, we decline to award appellate attorney fees.

**IV.** **Conclusion**

We find the district court did not abuse its discretion in its consideration of the relevant factors regarding the appropriate forum and substantial evidence supports the district court decision.  We affirm the district court's grant of Renaud's pre-answer motion to dismiss Pitcairn's petition for dissolution.  We decline to award appellate attorney fees.  Costs on appeal are assessed to Pitcairn.

**AFFIRMED.**