*882 OPINION OF THE COURT
Francis N. Pecora, J.
Defendants move to dismiss the complaint in this personal injury action on grounds of forum non conveniens, or, alternatively, to dismiss the second cause of action contained in the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7).
The action was commenced as a result of a fall by plaintiff from a ladder on September 29, 1986, at the Linwood Shopping Mall in Fort Lee, New Jersey, while performing work for his employer, a New York corporation engaged in the heating and air-conditioning business.
The complaint consists of four causes of action, the first* alleging general negligence in terms of ownership and control of the premises and ladder incidental to the injury alleged, the second alleging violation of the Labor Law of the State of New York in failing to provide a safe place to work, the third alleging violation of other applicable laws and regulations' and the fourth, a derivative claim-for loss of consortium by plaintiff’s wife.
Defendants’ application is based on the contention that the predominant interest in the suit lies with the State of New Jersey, where the accident occurred, and that more significant contacts adhere to that jurisdiction on the standard of care to be applied in what emerges as a choice-of-law situation.
In the alternative, defendants seek dismissal of the second cause of action contending that the mandate of New York’s Labor Law, specifically set forth in section 240, .is designed to provide a safe working environment, and that the statute has no extraterritorial application and cannot apply to an accident occurring in New Jersey.
Defendants concede that New York contacts are "numerous at first blush” but that an examination from a choice-of-law standpoint indicates that the contacts are minimal.
These contacts include plaintiffs’ New York residence; plaintiff’s employer’s New York residence; defendant owners of the shopping mall’s New York residence; a contract between plaintiff’s employer and the owners of the mall for construe *883 tion work which was being performed where plaintiff was injured and upon a ladder supplied by those defendant owners and execution of the contract concededly taking place in New York.
The conveniens doctrine is one of judicial discretion " 'to be exercised by reviewing and evaluating all the pertinent competing considerations’ ”, which include, among other things, the burden of the court, undue hardship to the defendant that suit here entails, and availability elsewhere of a reputable forum (Siegel, NY Prac § 28; Varkonyi v S. A. Empressa De Viacao Airea Rio Grandense [Varig], 22 NY2d 333).
Defendants claim that necessary witnesses exist who reside in New Jersey and are not subject to being subpoenaed to testify in New York and the law of the situs of the injury, New Jersey, is best applied by that State’s courts.
These factors required that substantial justice will only be served if the suit is brought in New Jersey.
In considering these factors, the court notes that the central focus of a forum non conveniens inquiry is, as the term suggests, convenience (cf, Piper Aircraft Co. v Reyno, 454 US 235, 248), and in this age of high mobility, the term’s inhibiting operation has little to do with geography where a sister State is concerned.
More attention should be paid to the plaintiffs’ evaluation of the "convenience” element in bringing the suit in New York, since they bear the burden of proof of liability and damages at trial and must establish these elements by the production of effective witnesses and other proof (Bewers v American Home Prods. Corp., 117 Misc 2d 991).
To disturb the choice of forum selected by plaintiffs, the defendants bear the burden of clearly showing that New York will not serve to achieve the ends of justice and that New Jersey is better suited to accomplish that end (Bader & Bader v Ford, 66 AD2d 642, appeal dismissed 48 NY2d 649).
Defendants have failed to sustain that burden here.
The branch of the motion seeking dismissal of the second cause of action is also denied. The mandate of Labor Law § 240 upon a New York employer to impress a high standard of care in providing a safe place to work for laborers by absolute liability is applicable to a New Jersey accident under *884 New York’s interest in furtherance of its State policy, especially where, as here, all the parties are New York residents and the construction contract was entered into in New York (Schultz v Boy Scouts, 65 NY2d 189).
Accordingly, the motion is in all respects denied.